[S. F. No. 1030. Department Two.—July 3, 1899.]

ARCHIBALD COOPER, Respondent, v. CHARLES W. GORDON, Appellant.

ACTION—UNFILED STIPULATION FOR JUDGMENT—CONSENT TO DELAY——ESTOPPEL TO URGE DISMISSAL.—An unfiled stipulation that the plaintiff in an action may enter judgment against the defendant for a stipulated sum at any time, and that execution should be stayed while specified payments were made, is in lieu of an answer admitting the allegations of the complaint, and is a

consent to the jurisdiction of the court, and to the entry of the appearance of the defendant, and of judgment after the time limited by statute, and estops the defendant from insisting upon a dismissal of the action, on the ground that plaintiff has not served the summons within three years, or prosecuted the action with diligence.

ID.—TIME FOR APPEARANCE—WAIVER OF STATUTE—CONSTRUCTION OF CODE.—A defendant may waive the provisions of section 406 and of subdivision 7 of section 581 of the Code of Civil Procedure, in regard to the time for his appearance, which are intended to relieve defendants from the assertion of stale demands and not to preclude a subsequent appearance without objection, or by consent of parties.

ID.—USE OF STIPULATIONS.—Though stipulations do not bind the parties until filed, yet, when filed, they do bind the parties, and may then be used to show that a party has violated his stipulation, and as a basis of relief to the person who has been injured by trusting to it.

ID.—DISMISSAL FOR WANT OF PROSECUTION—VACATION OF JUDGMENT BY ASSIGNEE—PROOF OF STIPULATIONS.—An action is properly dismissed for want of prosecution where no service of summons appears, and nothing has been done in the action for nearly thirteen years; but the judgment of dismissal is properly vacated upon motion of an assignee of the cause of action, upon showing that on the day after the commencement of the action the plaintiff and defendant had stipulated that judgment might be entered at any time, that the defendant had stipulated likewise with a former assignee of the cause of action two years thereafter, and also with the moving party as a subsequent assignee, ten years after the suit was brought, the last stipulation specifying a less rate of interest.

ID.—PROOF TO WARRANT JUDGMENT.—Where the genuineness of the signatures to the stipulations was admitted merely for the purpose of the motion to vacate the judgment of dismissal, the court should require proof of such genuineness, and of the amount for which the plaintiff is entitled to judgment, before entering the judgment under the stipulations.

APPEAL from an order of the Superior Court of the City and County of San Francisco vacating a judgment of dismissal of an action. William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

Thomas W. Nowlin, and Myrick & Deering, for Appellant.

The action was properly dismissed for want of prosecution. (Code Civ. Proc., sec. 581; *Pardy v. Montgomery*, 77 Cal. 326; *Kulbi v. Hawkett*, 89 Cal. 638; *Grigsby v. Napa County*, 36 Cal.

585.) Stipulations not filed cannot be noticed, and do not bind the parties. (*Borkheim v. North British etc. Ins. Co.*, 38 Cal. 623; *Merritt v. Wilcox*, 52 Cal. 241.) The motion to dismiss was not a general appearance of the defendant. (*Linden etc. Co. v. Sheplar*, 53 Cal. 245; *Powers v. Braly*, 75 Cal. 237.) Jurisdiction of the person cannot be shown by unproved stipulations or admissions. (Code Civ. Proc., secs. 415, 1132, 1133; *Reinhart v. Lugo*, 86 Cal. 395; 21 Am. St. Rep. 52; *Lyons v. Cunningham*, 66 Cal. 42; *Alderson v. Bell*, 9 Cal. 315; *Sharp v. Brunnings*, 35 Cal. 528; *Litchfield v. Burwell*, 5 How. Pr. 346.)

A. H. Carpenter, for the Respondent.

The court was imposed upon as to the real state of the case, and the judgment was properly vacated. (*Walker v. Felt*, 54 Cal. 388; *Amador etc. Co. v. Mitchell*, 59 Cal. 169; *Dunlap v. Steere*, 92 Cal. 345; 27 Am. St. Rep. 143.) The defendant's stipulations took the place of an answer. (*Alta Silver Min. Co. v. Alta Placer Min. Co.*, 78 Cal. 629; *Ward v. Clay*, 82 Cal. 508; *Richardson v. Musser*, 54 Cal. 196.) Jurisdiction of the person may be obtained by agreement or consent of the party. (12 Am. & Eng. Ency. of Law, 299; *Meredith v. Santa Clara Min. Assn.*, 60 Cal. 619; *Luco v. Superior Court*, 71 Cal. 555; *Gray v. Hawes*, 8 Cal. 562; *Davis v. Packard*, 6 Wend. 333; *Foote v. Richmond*, 42 Cal. 443.) The vacation of the judgment of dismissal was within the discretion of the court. (*Seymour v. Wood*, 53 Cal. 303; *Cameron v. Carroll*, 67 Cal. 500; *Bell v. Peck*, 104 Cal. 35.)

TEMPLE, J.—This action was commenced on the fifth day of April, 1883, and summons was issued on the same day. The summons, so far as appears, was never served on any of the defendants, and no return thereof was ever made or filed. The suit was to foreclose a chattel mortgage on a printing press and other contents of a printing office, given to secure an indebtedness for defendant Gordon, according to the terms of a promissory note which is set out in the complaint. As to the other defendants, the complaint merely avers that they have, or claim to have, some interest in the property. So far as the records of the court disclosed, nothing further was done in the case until the eighteenth day of March, 1896, when, on motion of

Thomas W. Nowlin, attorney, who appeared specially for the purpose, the suit was dismissed, "pursuant to subdivision 7 of section 581 of the Code of Civil Procedure." As nearly thirteen years had elapsed since the taking out of summons, and nothing further appeared to have been done in the case, the order was eminently proper.

On the first day of May, 1896, one J. H. Harper, in the name of plaintiff and as his assignee, moved to vacate the order and judgment of dismissal on the ground that it was obtained by fraud and deceit and through mistake, inadvertence, and excusable neglect on the part of plaintiff. On the hearing it was shown that on April 6, 1883, one day after suit was commenced, plaintiff and defendant entered into a written stipulation to the effect that plaintiff could enter judgment at any time in the action for a stipulated amount, but was to grant a stay of execution upon certain payments being made by Gordon.

Also that on the twenty-sixth day of March, 1885, Gordon again, in writing, stipulated with one George M. Wood, to whom the claim of plaintiff had been assigned, that he, Wood, could have judgment entered at any time for a sum stated. A stay of execution was also stipulated.

On the thirteenth day of September, 1893, another stipulation was made in writing by Gordon and J. H. Harper, which recites that Harper had become the assignee of plaintiff, and stipulates that Harper may take judgment in the action at any time. The amount due is also stipulated, and also certain payments to be made, and a rate of interest less than that called for in the note.

Defendant Gordon appeared in response to the motion and read his own affidavit, which, however, contains nothing of consequence.

The motion was granted and the judgment was vacated on the ground that the stipulations referred to constitute an appearance in the action. The learned judge stated in an opinion included in the order vacating the judgment: "Section 531 of the Code of Civil Procedure does not require an appearance to be filed within three years; it merely requires an appearance to be 'made' within three years." He considered the stipulation that plaintiff could take judgment equivalent to notice of appear-

ance and said that notice differs from an answer or a demurrer because a pleading did not become such until filed, while the statute provided that the appearance is complete when plaintiff is notified, although the notice is not filed. And yet, if judgment is entered, the judgment-roll must show that summons was served or that defendant has appeared. If appearance was only by notice to plaintiff, as provided in section 1014 of the Code of Civil Procedure, proof of that fact must be found in the judgment-roll.

Appearance provided in section 1014 is primarily for the purpose of entitling the defendant to notice of subsequent proceedings where notice must be given, and for that purpose written notice served on plaintiff is sufficient; but the appearance of defendant is not thereby made in court.

The code is not altogether clear upon this subject. Section 406 provides that, "at any time within the year after complaint is filed, the defendant may in writing, or by appearing and answering, waive the issuing of summons." Apparently this is a declaration that the issuance and service of the summons can be waived in no other mode, and in section 416 it is enacted that the voluntary appearance of a defendant is equivalent to the service of summons.

But in section 581 it is provided, apparently, that such appearance may be at any time within three years. But suppose a defendant were to appear and answer four years after the complaint was filed, and were then to demand a trial, objecting to a dismissal although no summons had been issued and no previous appearance made? Could the court then properly dismiss the action against the protest of all parties? I think not. Section 581 is absolute in its terms, explicit and comprehensive, but such result could not have been contemplated. It was to relieve defendants from the assertion of stale demands. Mostly, no doubt, it was aimed against those who asserted title to real estate merely to be bought off, and who were in the habit of commencing suits solely to prevent the statute of limitations from running. But even in such a case, where the defendant comes in and files an answer and demands a trial before the suit has been dismissed, I do not understand that the court must nevertheless dismiss the action without a trial. On the

other hand, I think it would be error to do so. Nor is this absolutely inconsistent with the terms of the statute, which seems to give three years in which the court cannot dismiss though no appearance has been made; after that, and until voluntary appearance has been made, the action may be dismissed as provided.

But if the parties consent that it is a case pending of which the court has jurisdiction, there is no excuse for not trying it.

The stipulation is, in effect, an answer admitting all the allegations of the complaint, with the statement that defendant has no defense. Had it been in words so stated, and the document had been filed, there could have been no question. A stipulation that defendant may take judgment is intended to be in lieu of such an answer.

But the stipulation was not filed within the three years, nor at any time before the case was actually dismissed. It was not filed until motion was made to set aside the judgment of dismissal on the ground that the stipulations themselves excused the neglect of the plaintiff to file them. If such neglect can be excused, they certainly do. Each stipulation leaves it to the plaintiff to apply for judgment whenever he might choose to do so, and each was given in consideration of favors granted defendant. He procured further time to pay his debt, with a reduction of the rate of interest and the use of the printing outfit in the meantime. In the last stipulation signed September 13, 1893, more than ten years after the suit was commenced, it is recited that "by consent of each and all of the above-named persons, judgment has not been rendered therein, but said action is still pending, in which the said Harper, as the assignee of said plaintiff, may and can, by reason of the stipulations heretofore made by said defendant, take judgment of foreclosure against said Gordon and sell said property at any time."

Defendant is certainly estopped by this stipulation from urging the objection that the plaintiff has neglected to prosecute the action with due diligence. And it is also a consent to the entry of the appearance of the defendant and the entry of judgment after the lapse of the three years limited by law. Without such consent it could not be done, but, as already said, where defendant expressly consents to the delay I see no objection to

it. It was not intended to limit the right of the parties so to stipulate. Parties may expressly waive most of the provisions designed for their benefit, and I see no reason why this should constitute an exception.

But it is said that stipulations that are not filed do not bind the parties. That is true, but when filed they do bind the parties and may then be used to show that a party has violated his stipulation, and as the basis of relief to the person who has been injured by trusting to it. (*Smith v. Whittier*, 95 Cal. 279.)

The genuineness of the signatures to the stipulations are not denied and are admitted for the purpose of the motion. We must presume that before entering judgment the court will require proper proof to be made both upon that matter and as to the amount for which plaintiff is entitled to judgment.

The order is affirmed.

Henshaw, J., and McFarland, J., concurred.

Hearing in Bank denied.