[S. F. No. 4689. Department Two.—June 4, 1908.]

ANGLO-CALIFORNIAN BANK, Limited, Appellant, v. NORMAN GRISWOLD et al., Respondents.

ACTION TO FORECLOSE MORTGAGE—NOTICE OF APPEARANCE COMPLETE WITHOUT FILING—CONSENT TO JUDGMENT—FILING REQUIRED ONLY FOR JURISDICTION.—Where defendants in an action to foreclose a mortgage by deed were served with summons, and gave notice to the plaintiff of their appearance and consent to judgment, the appearance was complete when the notice thereof was served; and no particular time was required within which to file the same, the only object of filing the notice and consent being to give the court jurisdiction to render judgment against the defendants.

ID.—EXCUSABLE DELAY IN FILING NOTICE AND CONSENT—REQUEST FOR DELAY BY DEFENDANTS.—Where the plaintiff delayed filing the notice of appearance and consent to judgment at defendants' request, they hoping that the property would increase in value, and sanctioning sales by plaintiff at any time, the delay in filing the same until after three years was excusable.

ID.—DEATH OF ONE DEFENDANT—APPEARANCE OF CO-DEFENDANT, AND AS EXECUTRIX BY ATTORNEY—CONSENT TO JUDGMENT—TRIAL—SUBMISSION—ERROR IN DISMISSAL.—Where one defendant died before the stipulation was filed, and the co-defendant appeared by attorney for herself and as executrix of her deceased husband, and consented to foreclosure under stipulation against the docketing of any deficiency judgment, and the case was tried accordingly and submitted for decision, before a motion for dismissal was made, it was error for the court thereafter to dismiss the action under subdivision 7 of section 581 of the Code of Civil Procedure, for want of prosecution, on motion of a second mortgagee claiming under the defendants, and of a creditor of the estate of the deceased defendant, the defendants themselves being the only parties to the action.

APPEAL from a judgment of the Superior Court of Sonoma County. Emmett Seawell, Judge.

The facts are stated in the opinion of the court.

Jesse W. Lilienthal, for Appellant.

. Walter H. Robinson, for Wm. C. Spencer, Respondent.

Jordan & Brann, and Jordan, Rowe & Brann, for Eliza S. Eldridge, Respondent.

HENSHAW, J.—This is an appeal from a judgment of dismissal granted upon the motions of William C. Spencer and Eliza S. Eldridge, under the authority of subdivision 7, section 581 of the Code of Civil Procedure, and also upon the ground that "plaintiff has abandoned the prosecution of said action and has failed to prosecute the same with due or any diligence."

The action is to foreclose mortgages upon real estate executed by Norman W. Griswold and Anna E. Griswold, his wife. These mortgages were in the form of deeds absolute. The complaint was filed April 26, 1898, and summons then issued. In the moving affidavits it is alleged, upon in-

formation and belief, that the summons was not served. This is expressly denied by the affidavits filed on behalf of plaintiff, whereby it is established that the summons was served upon the Griswolds, and that upon July 14, 1898, they executed and delivered to plaintiff the following:—
"To the clerk of said court:

"You will please take notice that we and each of us herewith enter our appearance in the above-entitled action and consent that judgment may be entered in favor of plaintiff herein as prayed for in said complaint.
"Dated July 14th, 1898.

"NORMAN W. GRISWOLD,
"ANNA E. GRISWOLD."

It is further shown by plaintiff that the Griswolds had requested the plaintiff not to proceed with the foreclosure, in the hope and expectation that the mortgaged property might increase in value so that they would be able to pay the mortgage debt from the proceeds of sales of parts of it. Thus, upon June 7, 1899, the Griswolds executed to plaintiff an authorization "to sell or convey any and all pieces of property heretofore conveyed to you by us, or either of us, to any party or parties you may decide, and at such figures or upon such terms as you may determine, crediting all proceeds from the sale of said property to our or either of our indebtedness to your bank, and we hereby ratify and confirm any sales or conveyances you may make under this authorization." So, whatever the delay in bringing plaintiff's action to a judgment, it was attributable solely to the defendants' instance and request. It was granted out of consideration for them and for what they believed to be their best interests. In June, 1899, W. C. Spencer, one of the movents herein, commenced his action against the Griswolds to foreclose his mortgage lien upon some of the property affected by plaintiff's suit. In that action this plaintiff filed its answer, setting up its mortgages. Spencer seems to have regarded the pleading of this plaintiff in his action as a cross-complaint, since he filed a reply thereto which he styled "plaintiff's answer to defendant's cross-complaint." Negotiations followed between this plaintiff and Spencer, to the end that the mortgages should all be foreclosed

in the same action. The Spencer suit remained pending from June, 1899, to August, 1905. When it came to trial, upon August 16, 1905, objection was made to the foreclosure in the Spencer suit of plaintiff's mortgages. Then immediately, upon the afternoon of that day, this plaintiff brought this cause to a hearing, introduced evidence in its support, and introduced in evidence and filed in court the appearance of the Griswolds above set forth. After taking evidence the trial judge directed that a form of minute order and decree be prepared and presented to him. Norman W. Griswold at this time was dead, and his wife was executrix of his last will and testament. Communication was had by plaintiff with Mrs. Griswold and her attorney, and her consent was obtained to be substituted as executrix in the plaintiff's action in the place of her deceased husband, it being agreed that no deficiency judgment should be taken. Appellant then prepared a form of decree and minute order in conformity with this understanding, which met the approval of Mrs. Griswold and her attorney, and thereafter submitted these papers to the trial judge for signature. Thus plaintiff's action had been brought to trial and was ready for decision three months before the motion to dismiss was made. As to the interest of the moving parties, Spencer's claim to relief is sufficiently outlined. He succeeded to the Griswolds' title under his foreclosure proceedings. Mrs. Eliza S. Eldridge asserts she is a creditor of the estate.

Respondents' first contention in support of the dismissal which they obtained is one of strict law, based upon what they assert to have been plaintiff's failure to comply with the mandatory provisions of subdivision 7 of section 581 of the Code of Civil Procedure. An appearance in an action under the laws of this state is defined by section 1014 of the Code of Civil Procedure. "A defendant appears in an action when he answers, demurs or *gives the plaintiff written notice of his appearance,* or when an attorney gives notice of appearance for him." It appears indisputably that the Griswolds gave to plaintiff a formal notice in writing addressed to the clerk of the court, not instructing the clerk to enter an appearance, but declaring that "herewith we do enter our appearance," and this appearance was coupled with the consent that judgment might be entered in favor of plaintiff as prayed for in the complaint.

Here was a strict compliance with the provisions of section 1014. The defendants gave to plaintiff written notice of their appearance. The only default, then, so far as subdivision 7 of section 581 is concerned, was in the failure of plaintiff to file this appearance within three years. But in terms this subdivision does not require a filing. It declares, "But all such actions may be prosecuted, if appearance has been made by the defendant or defendants, within said three years in the same manner as if summons had been issued and served." The appearance was made within three months after the commencement of the action, by the giving to plaintiff of the written notice of appearance. Neither section 1014 nor section 581 required that the appearance should be filed within three years, or within any specified time. The time limited by section 581 is for the making of an appearance, which, we repeat, is made when written notice of appearance is given to plaintiff.

Of course, jurisdiction of a defendant is not acquired until the filing of such appearance in court (*Cooper* v. *Gordon*, 125 Cal. 300, [57 Pac. 1006]), but the principal purpose of section 1014 of the Code of Civil Procedure is served in that, after giving written notice of appearance to plaintiff, the defendant is entitled to notice of all subsequent steps and proceedings in the action. In *Cooper* v. *Gordon*, 125 Cal. 300, [57 Pac. 1006], it was held that a stipulation by defendant consenting that plaintiff might take judgment, though not filed until long after the three years, was when filed, an appearance, and a waiver of the provisions of subdivision 7 of section 581 of the Code of Civil Procedure, and estopped the defendant from moving to dismiss under the provisions of this section. In *Roth* v. *Superior Court of Los Angeles County*, 147 Cal. 604, [82 Pac. 246], the parties entered into a stipulation extending the defendant's time to plead. The stipulation was not filed and the time was further extended by verbal stipulation until more than three years after the commencement of the action. The summons was never returned, and after the expiration of the three years defendants moved to dismiss, whereupon, in answer to the motion, plaintiff filed the stipulation. This court declared the unfiled stipulation to be an appearance, saying: "The stipulation, signed as it was by petitioner's attorneys in the action, was a virtual appearance, and none the less so because it was not filed." The case at bar is much stronger. Here the

stipulation had been filed, evidence taken, and the cause submitted for judgment months before the motion to dismiss was made. Even if it be conceded (though it is not decided) that subdivision 7 of section 581 contemplates that such appearance shall be filed within three years, yet, the failure in this instance was, as in the cases above cited, justified and excused. If, then, the trial court dismissed this action in the belief that the language of subdivision 7, section 581, made it mandatory to do so, it follows from what has been said that the court fell into error in so doing. As pointed out in *Cooper* v. *Gordon,* 125 Cal. 300, [57 Pac. 1006], even the mandatory terms of the statute would not justify a dismissal in all cases as against the protest of the defendant who desired a trial.

Even less merit attaches to the second position taken by respondent that the court was justified in dismissing the action because plaintiff had abandoned his cause and had failed to prosecute it with diligence. Plaintiff had prosecuted the case to judgment before the motion was made, and assent to the judgment was actually given by Mrs. Griswold for herself and as executrix of her husband's estate. The reason of the delay was fully explained as has above been set forth, and the attitude of the Griswolds themselves, the only defendants in the action, is sufficiently evidenced by the conduct of the widow. She manifestly recognized the justice of plaintiff's claim and its right to a judgment. It was an abuse of discretion, therefore, for the court to have dismissed upon the ground last indicated.

For which reason the judgment of dismissal is reversed and the cause remanded.

Lorigan, J., and McFarland, J., concurred.

Hearing in Bank denied.