[L. A. No. 23998. In Bank. May 24, 1957.]

IDA LEWIS, Respondent, v. WILLIAM H. NEBLETT, as Administrator, etc., Appellant.

Harry W. Dudley for Appellant.

Leonard D. Nasatir for Respondent.

TRAYNOR, J.—Plaintiff brought this action against the estate of Eddie W. Sellers to establish a trust in certain real property standing in Sellers' name at the time of his death. The trial court denied a motion to dismiss the action for plaintiff's failure to bring it to trial within five years and, after trial without a jury, made findings of fact and conclusions of law favorable to plaintiff and entered judgment accordingly. Defendant appeals.

Defendant contends that the action should have been dismissed for plaintiff's failure to bring it to trial within the five-year period prescribed by section 583 of the Code of Civil Procedure. A chronology of the events bearing upon the applicability of section 583 follows:

October 19, 1949. Plaintiff filed her complaint naming as defendant Bessie Sellers as administratrix of the estate of Eddie W. Sellers.

March 9, 1954. On plaintiff's motion, trial of the case was postponed to July 7, 1954.

June 4, 1954. Bessie Sellers was removed as administratrix by court order.

July 7, 1954. On defendant's motion, trial of the case was postponed to October 28, 1954.

August 4, 1954. Harry Aides was appointed administrator.

October 13, 1954. Aides was substituted for Bessie Sellers as defendant in the action.

October 14, 1954. Plaintiff's attorney and the attorney for Aides entered into a written stipulation providing that the case "be continued for trial from the 28th day of October, 1954 . . . to such time after the 1st of January, 1955, as may be set by the Presiding Judge," reciting as the reason for the stipulation that "there is pending the possibility of settlement of said above matter and that the Superior Court will be asked to approve a Petition for Settlement of same, . . ."

October 19, 1954. The five-year period within which an action must be brought to trial under section 583 of the Code of Civil Procedure expired.

October 21, 1954. Bessie Sellers filed a complaint in intervention alleging that she and the decedent's minor son were the real parties in interest, denying the charging allegations of plaintiff's complaint, and praying that plaintiff take nothing by her action.

October 28, 1954. The stipulation entered into on October 14 was filed, and on defendant's motion trial was postponed to February 16, 1955.

February 15, 1955. Plaintiff's attorney and the attorney for Aides entered into and filed a written stipulation providing that the case "be continued to a date subsequent to the hearing on the petition for authority to compromise claims against the estate now pending. . . ."

February 16, 1955. The court ordered the case continued to April 4, 1955.

April 4, 1955. Plaintiff's attorney and the attorney for Aides entered into and filed a written stipulation providing that the case "be continued until May 23, 1955, or as soon thereafter as may be convenient to the court," and the court ordered the case continued to May 3, 1955.

April 15, 1955. The intervener filed notice of a motion to dismiss for failure to bring the action to trial within five years.

April 28, 1955. The motion to dismiss was denied.

April 29, 1955. Harry Aides resigned as administrator with court approval. William Neblett, attorney for the intervener, was appointed administrator and substituted as defendant in the action.

May 3, 1955. On plaintiff's motion, trial of the case was postponed to May 26, 1955.

May 27, 1955. Trial commenced, and the court granted the intervener's motion that her complaint be dismissed as moot.

Section 583 of the Code of Civil Procedure provides: ''Any action heretofore or hereafter commenced shall be dismissed . . . on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended. . . .''

Relying upon the stipulations entered into by her attorney and the attorney for Harry Aides, who was then administrator and defendant, plaintiff contends that ''the parties have filed a stipulation in writing that the time may be extended,'' and that the trial court correctly denied the motion to dismiss.

Defendant contends that the five-year time limit prescribed by section 583 of the Code of Civil Procedure is a statute of limitations within the meaning of section 708 of the Probate Code, which provides: ''No claim which is barred by the statute of limitations shall be allowed or approved by the executor or administrator,'' that an administrator has no power to waive the defense provided by a statute of limitations in an action against the estate (*Reay* v. *Heazelton,* 128 Cal. 335, 338-339 [60 P. 977] ; *Fontana Land Co.* v. *Laughlin,* 199 Cal. 625, 636-637 [250 P. 669, 48 A.L.R. 1308] ), and that Aides therefore had no power to enter into a stipulation extending the time limit prescribed by section 583.

It is unnecessary to determine whether or not the five-year period prescribed by section 583 is a statute of limitations, for even if it is, it does not follow that an administrator cannot enter into a stipulation extending the time for trial when the statutory period has not expired or when, because of a prior valid stipulation by the administrator, section 583 constitutes no bar to further prosecution of the action. The reason an administrator is not empowered to waive the defense provided by a statute of limitations in an action against the estate is that he acts as a trustee for creditors of the estate and for the heirs and is not at liberty to deplete the assets of

the estate by failing to assert a valid, existing defense. (*Fontana Land Co.* v. *Laughlin, supra,* 199 Cal. at 636-637.) When it is questionable whether an action against the estate is barred by the statute of limitations, the administrator may enter into an agreement compromising the action, for it may be advantageous to the estate to do so. (*Estate of Lucas,* 23 Cal.2d 454, 466-467 [144 P.2d 340].) Since it may also be to the advantage of the estate, an administrator, before the period prescribed by section 583 has expired, may enter into a stipulation extending the time within which an action against the estate must be brought to trial. (See *Union Savings Bank* v. *Barrett,* 132 Cal. 453, 455 [64 P. 713, 1071].)

The foregoing chronology discloses that Aides, as administrator, entered into the first stipulation extending the time for trial five days before the five-year period expired. The reason for the stipulation was that there was pending the possibility of a settlement, which might well have been advantageous to the estate. It appears, therefore, that Aides, as administrator, was authorized to enter into the stipulation of October 14. It is immaterial to the question of his authority that the stipulation was not filed in the action until October 28. Once the stipulation was validly executed, either party could file it. The stipulation was filed prior to the motion to dismiss, and that is all with respect to filing that section 583 requires. (*Estate of Thatcher,* 120 Cal.App.2d 811, 814 [262 P.2d 337] and cases there cited.)

The second stipulation postponing the time for trial was entered into and filed on February 15, 1955, and the third on April 4, 1955. On both occasions the extended time under the antecedent stipulation had not expired and therefore section 583 did not bar further prosecution of the action.

Defendant contends that even if Aides was authorized to enter into these stipulations, a stipulation extending the time to a specified date does not authorize postponements beyond that date (*City of Los Angeles* v. *Superior Court,* 185 Cal. 405, 409-410 [197 P. 79]); that the stipulation of April 4, 1955, was exhausted by the court's order fixing May 3, 1955, as the date for trial; that no further delay was stipulated to; and that when trial was not commenced on May 3, the court should have dismissed the action on its own motion. Defendant relies on *Hunt* v. *United Artists Studio,* 79 Cal. App.2d 619, 622 [180 P.2d 460]. The stipulation in that case authorized a continuance to "such time as suits the court," and it was held that the subsequent order of the court fixing January 3, 1945, as the date for trial exhausted

the stipulation and that subsequent postponements were unauthorized by that stipulation. Not every stipulation for an extension of time, however, is exhausted by the first succeeding court order fixing a date for trial. (*Cf. Mercantile Inv. Co.* v. *Superior Court,* 218 Cal. 770, 773 [25 P.2d 12].) The stipulation of April 4 provided that the case might be ''continued until May 23, 1955, or as soon thereafter as may be convenient to the court.'' Obviously, the court's order setting May 3 as the date for trial did not exhaust the stipulation, for there remained 20 days to the earliest date mentioned in the stipulation. The subsequent order setting the case for trial on May 26 and the one-day delay to May 27, on which date trial commenced, were within the stipulation.

Defendant also contends that the action is barred by the statute of limitations. (Code Civ. Proc., § 338, subd. 4.) The trial court found that plaintiff cannot read, write, or figure and that she relied on the decedent for personal and business advice; that in 1941 the decedent accepted a sum of money from plaintiff and agreed to use it to purchase for plaintiff the real property in question; that the decedent fraudulently took title to the property in his own name and concealed that fact from plaintiff; and that plaintiff had no information to put her on inquiry as to the state of the title until the decedent's death in July, 1949, three months before the filing of this action. Defendant relies on the testimony of one of plaintiff's witnesses that in 1943 or 1944 plaintiff's sister and her husband came to California and that at that time in the presence of plaintiff there was a violent argument between the decedent and plaintiff's relatives during which the relatives demanded that the decedent produce proof that the property was held in plaintiff's name and that the decedent refused to produce such proof. Defendant contends that as a matter of law this incident was sufficient to put plaintiff on notice of the decedent's fraud. The same witness, however, testified that the decedent explained his refusal to produce proof that the property was in plaintiff's name, apparently to plaintiff's satisfaction, on the ground that the relatives, who had never before shown any concern for plaintiff's welfare, were trying to take the property from her and that since plaintiff knew the property was in her name, it was unnecessary to prove that fact to the relatives. In view of plaintiff's lack of education and her reliance upon the decedent for advice, it cannot be said as a matter of law that the recited incident was sufficient to put plaintiff on notice of the decedent's fraud. (*Seeger*

v. *Odell,* 18 Cal.2d 409, 415, 418 [115 P.2d 977, 136 A.L.R. 1291].)

Defendant contends that the court's findings favorable to plaintiff are not supported by the evidence on the ground that the testimony given by plaintiff in her own behalf is inherently improbable. We have reviewed the evidence and find defendant's contention without merit.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Schauer, J., Spence, J., and McComb, J., concurred.