[S.F. No. 23238. In Bank. Oct. 24, 1975.]

GENERAL INSURANCE COMPANY OF AMERICA, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent; CITY OF LIVERMORE, Real Party in Interest.

COUNSEL

Graves & Mallory, Jay Graves, Jeffrey Allen, and Knecht, Dingus & Boring for Petitioner.

No appearance for Respondent.

Robert J. Logan, City Attorney, for Real Party in Interest.

OPINION

**CLARK, J.**—General Insurance Company of America, defendant in an action pending in respondent superior court, petitions for writ of mandate to compel dismissal of the action.

Approving subdivision maps, City of Livermore—plaintiff—required developers to make certain improvements and to post performance bonds. Petitioner issued the performance bonds. The developers allegedly defaulted, and plaintiff commenced an action against petitioner and the developers on 18 January 1971. After mailing summons and complaint to petitioner's designated agent in Southern California, plaintiff's attorney and petitioner's attorney agreed by telephone that the latter would accept service for petitioner. By letter dated 16 February 1971, petitioner's attorney confirmed the understanding: "Pursuant to our telephone conversation with you on February 16, 1971, we hereby confirm that we represent General Insurance Company of America in connection with the above matter; that we hereby agree to accept service of the Summons and Complaint on behalf of our client . . . and that our client has a sixty-day extension of time until and including April 17, 1971, within which to appear, answer, demur or otherwise plead to the complaint on file in the above described action."

On three subsequent occasions, petitioner's attorney acknowledged additional extensions of time by letter, finally confirming—also by letter—an open extension of time to answer or otherwise respond, terminable on 10 days' written notice.

On 10 September 1974 plaintiff gave petitioner written notice to answer; petitioner then moved to dismiss pursuant to Code of Civil Procedure section 581a, subdivisions (a) and (c), and the motion was denied. Petitioner now asks us to mandate dismissal; we must deny its petition.

## THE STATUTORY PROVISIONS

Code of Civil Procedure section 581a provides: "(a) . . . [A]ll actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a *general appearance* in the action. [¶] . . . [¶] (c) All actions, heretofore or hereafter commenced, shall be dismissed by the court in which the same may be pending, on its own motion, or on the motion of any party interested therein, if no answer has been filed after either service has

been made or the defendant has made a *general appearance*, if plaintiff fails, or has failed, to have judgment entered within three years after service has been made or such appearance by the defendant, except where the parties have filed a stipulation in writing that the time may be extended. [¶] (d) The time during which the defendant was not amenable to the process of the court shall not be included in computing the time period specified in this section. [¶] (e) A motion to dismiss pursuant to the provisions of this section shall not, nor shall any extension of time to plead after such motion, or stipulation extending time for service of summons and return thereof, constitute a general appearance." (Italics added.)

### DISCUSSION OF SUBDIVISION (a)

██ A written stipulation between attorneys recognizing jurisdiction of the court over the parties constitutes a *general appearance* by defendant. (*Anglo-California Bank* v. *Griswold* (1908) 153 Cal. 692, 696-697 [96 P. 353]; *Roth* v. *Superor Court* (1905) 147 Cal. 604, 605 [82 P. 246]; *Cooper* v. *Gordon* (1899) 125 Cal. 296, 300-302 [57 P. 1006]; *RCA Corp.* v. *Superior Court* (1975) 47 Cal.App.3d 1007, 1009-1010 [121 Cal.Rptr. 441]; *O'Keefe* v. *Miller* (1965) 231 Cal.App.2d 920, 924 et seq. [42 Cal.Rptr. 343]; *Brown* v. *Douglas Aircraft Co.* (1958) 166 Cal.App.2d 232, 235 et seq. [333 P.2d 59]; *Merner Lumber Co.* v. *Silvey* (1938) 29 Cal.App.2d 426, 428 [84 P.2d 1062]; *Smith* v. *Moore Mill & Lumber Co.* (1929) 101 Cal.App. 492, 494 et seq. [281 P. 1049]; *California etc. Co.* v. *Superior Court* (1910) 13 Cal.App. 65, 69 [108 P. 882]; see *Davenport* v. *Superior Court* (1920) 183 Cal. 506, 508 et seq. [191 P. 911]; *Palmer* v. *Superior Court* (1961) 192 Cal.App.2d 302, 306 [13 Cal.Rptr. 301]; cf. Code Civ. Proc., § 417.10, subd. (d).)

Whether a particular act of the defendant reflects an intent to submit to the jurisdiction of the court, constituting a general appearance, depends upon the circumstances. (*Davenport* v. *Superior Court, supra,* 183 Cal. 506, 511; *Smith* v. *Moore Mill & Lumber Co., supra,* 101 Cal.App. 492, 494 et seq.; see 1 Witkin, Cal. Procedure (2d ed. 1970) pp. 646-647.)

Petitioner accepted service in its first letter to the Livermore City Attorney reflecting an intent to submit to the court's jurisdiction. Having received petitioner's written stipulation accepting service, plaintiff cannot have been expected to then commence service, to complete service not commenced, or to return service.[1]

---

[1]*Busching* v. *Superior Court* (1974) 12 Cal.3d 44, 50-51 [115 Cal.Rptr. 241, 524 P.2d 369], involving an extension of time to obtain representation, is distinguishable. There

■ Petitioner's written stipulation constituting a general appearance, and executed within the service period, may be filed following expiration of the three-year period (*Anglo-California Bank* v. *Griswold, supra,* 153 Cal. 692, 696-697; *Roth* v. *Superior Court, supra,* 147 Cal. 604, 605; *Cooper* v. *Gordon, supra,* 125 Cal. 296, 301), bringing the case within the express exception in subdivision (a).

### DISCUSSION OF SUBDIVISION (c)

■ Subdivision (c) penalizes a plaintiff who fails to obtain default judgment within the prescribed period by requiring dismissal. Like the service requirement of subdivision (a) and five-year trial requirement of Code of Civil Procedure section 583, it is designed to encourage diligence in the prosecution of an action once it has been filed. (*Gonsalves* v. *Bank of America* (1940) 16 Cal.2d 169, 172 [105 P.2d 118]; *Moore* v. *Superior Court* (1970) 8 Cal.App.3d 804, 810 [87 Cal.Rptr. 620]; *J. A. Thompson & Sons, Inc.* v. *Superior Court* (1963) 215 Cal.App.2d 719, 722 [30 Cal.Rptr. 471].) However, the three provisions allow extension of time by filed written stipulation, reflecting[2] that the policy of diligence is subordinate to the parties' own interests. ■ The provision requiring *written* stipulations also reflects a policy designed to avoid unseemly dispute between counsel over purported waiver of the statutory requirements. (Cf. *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 443-444 [96 Cal.Rptr. 571, 487 P.2d 1211] (dissenting opn.); *Miller & Lux Inc.* v. *Superior Court* (1923) 192 Cal. 333, 340 [219 P. 1006]; *Elmhurst Packers* v. *Superior Court* (1941) 46 Cal.App.2d 648, 650 [116 P.2d 487].) Once a stipulation has been filed, extrinsic evidence is admissible to explain its meaning. (*Woley* v. *Turkus* (1958) 51 Cal.2d 402, 407-409 [334 P.2d 12]; *Smith* v. *Bear Valley etc. Co.* (1945) 26 Cal.2d 590, 597-601 [160 P.2d 1].)

■ The written stipulation extending time to answer may be filed after expiration of the three-year period—when filed prior to an order of

---

existed neither stipulation accepting service nor any other document executed within the three-year period indicating an intent to submit to jurisdiction.

[2]In 1949, the Legislature provided for waiver of the judgment or answer requirement. (Stats. 1949, ch. 463, p. 810.) Prior to that time, a provision permitting stipulations extending time applied to the five-year period for bringing to trial but not to the three-year default judgment requirement. *Rio Del Mar etc. Club* v. *Superior Court* (1948) 84 Cal.App.2d 214, 225-226 [190 P.2d 295] and *Schultz* v. *Schultz* (1945) 70 Cal.App.2d 293, 298-299 [161 P.2d 36] were decided before the 1949 amendment. Language in those cases that the parties may not extend by stipulation the three-year period for judgment or answer states the law as it existed at the time of those decisions—prior to the 1949 amendment.

dismissal. (*Big Bear Mun. Water Dist.* v. *Superior Court* (1969) 269 Cal.App.2d 919, 923 [75 Cal.Rptr. 580]; see *Miles & Sons, Inc.* v. *Superior Court* (1960) 181 Cal.App.2d 151, 152 [5 Cal.Rptr. 73]; cf. *Lewis* v. *Neblett* (1957) 48 Cal.2d 564, 568 [311 P.2d 489]; *Smith* v. *Bear Valley etc. Co., supra,* 26 Cal.2d 590, 597; *Estate of Thatcher* (1953) 120 Cal.App.2d 811, 814 [262 P.2d 337].)

■ A written stipulation extends section 583's five-year term for bringing the action to trial if it *expressly* either waives the right to dismissal, or extends the time of trial to a date beyond the five-year period. But merely extending the time of trial to sometime within the five-year term—absent a showing the parties intended otherwise—will not extend the deadline. (*J. C. Penney Co.* v. *Superior Court* (1959) 52 Cal.2d 666, 669 [343 P.2d 919].) The instant case falls between the two rules set forth in *J. C. Penney.* ■ Here, the stipulation does not expressly extend time either within or beyond the allotted period. Rather, time is extended indefinitely, subject to termination by notice, and the stipulation remained in force at expiration of the period.

A written agreement extending time to answer reflects mutual intent to defer the proceedings and must be enforced. It would be unconscionable to permit a plaintiff, after he had granted a defendant time to answer, to take default judgment during the extension. Expressly excusing the duty to answer, the agreement impliedly stays the power of the plaintiff to take default.

Having by the instant written agreement precluded plaintiff from taking a default judgment prior to expiration of the three-year period, petitioner may not now rely on plaintiff's failure to take default to obtain dismissal of the action.[3] Our conclusion meets the purpose of the statute. Expressly reflecting petitioner's intent to obtain time to answer and by *necessary* implication precluding default judgment, the agreement estab-

---

[3] In *City of Los Angeles* v. *Superior Court* (1921) 185 Cal. 405, 413 [197 P. 79], the stipulation deferred trial for one year and further provided that at least a 90-day notice of the time set for trial shall be given. The agreement also provided that "plaintiff shall not be held to have failed to prosecute said cause during the said year, and that no part of the said year shall be considered should any question arise in said cause concerning the prosecution thereof." (At p. 408.) The express provision excluding one year from the computation of the period to bring to trial precludes inferring a further extension based on the notice requirement, and serves to distinguish the case. Moreover, in that case the plaintiff could bring the cause to trial within the five-year period while performing the agreement, whereas in the instant case default could not be obtained without either terminating the agreement or violating its implied term.

lishes the requisite mutual intent allowing each party to excuse the other from diligence both in answering and in taking default. And being written, the agreement will afford counsel little opportunity for dispute over its substance and operative effect.[4]

We conclude that the trial court properly denied the motion to dismiss.[5]

Defendant's petition for writ of mandate is denied.

McComb, J., Tobriner, J., and Mosk, J., concurred.

**WRIGHT, C. J.**—I dissent.

The respondent trial court was required to dismiss the action under subdivision (c) of Code of Civil Procedure section 581a,[1] which calls for mandatory dismissal "if no answer has been filed after either service has been made or the defendant has made a general appearance, if plaintiff fails, or has failed, to have judgment entered within three years after service has been made or such appearance by the defendant, except where the parties have filed a stipulation in writing that the time may be extended." It is undisputed that service of the summons was completed no later than February 16, 1971, when petitioner's attorney agreed by letter to accept service on petitioner's behalf, and that no answer was

---

[4]Requiring dismissal for failure to return service within three years, *Miles & Sons, Inc.* v. *Superior Court, supra,* 181 Cal.App.2d 151, 152, held a written stipulation extending time to appear, answer, or otherwise move or plead did not extend time for service return. However, the court did not consider the general appearance doctrine or the cases cited above discussing it. Accordingly, the case is not helpful in determining whether there was compliance with subdivision (a) in the instant case. Although it involved the effect to be given to a written stipulation extending time to plead, the case was not concerned with the answer or default requirement of subdivision (c). Obviously, an extension of time to plead reflects an intent to extend time to answer and by necessary implication precludes taking default; it does not reflect an intent to extend time for service return.

[5]The plaintiff alleged in its answer to the alternative writ that during the three-year period following acceptance of service by petitioner, there was performance of some obligations guaranteed by petitioner and promises of performance of all by petitioner's principals and their successors in interest, and that plaintiff gave notice to answer only after it appeared that the obligations were not to be performed. These allegations in the return to the alternative writ are not disputed. In the view we have taken of the matter, it is unnecessary to reach the question whether petitioner was estopped from seeking dismissal for delay by continued performance of the obligations sued upon after action commenced, and assurances of complete performance, coupled with the stipulations extending time to answer. (Cf. *Tresway Aero, Inc.* v. *Superior Court, supra,* 5 Cal.3d 431, 436 et seq.; *Cooper* v. *Gordon, supra,* 125 Cal. 296, 301.)

[1]All section references hereinafter are to the Code of Civil Procedure unless otherwise indicated.

filed and no judgment was entered within three years thereafter. The majority, however, regard the statutory period as having been extended by a written stipulation embodied in a letter of January 7, 1972, from petitioner to plaintiff confirming that petitioner had been granted an open extension of time to answer or otherwise respond to the complaint, terminable on 10 days' written notice.

It is true that an agreement which expressly excuses the defendant from filing an answer impliedly and simultaneously stays the plaintiff's power to take a default.[2] Moreover, as the majority states, "It would be unconscionable to permit a plaintiff, after he had granted a defendant time to answer, to take default judgment *during the extension.*" (Italics supplied.) It is incorrect, however, to characterize the present agreement for a terminable open extension of time to plead as one which "precluded plaintiff from taking default judgment prior to expiration of the three-year period." Although "the stipulation remained in force at expiration of the period," it did so *only* because plaintiff had unilaterally chosen not to exercise its expressly reserved right to terminate the extension on 10 days' notice. By giving such notice at any time after the agreement was made plaintiff could have eliminated all operative effects of the agreement upon either party within the specified 10 days. (See *Elmhurst Packers* v. *Superior Court* (1941) 46 Cal.App.2d 648, 649 [116 P.2d 487].) It is settled that the five-year period in which a case must be brought to trial to avoid dismissal under section 583 is not extended by an agreement requiring the plaintiff to give the defendant 90 days' notice of the trial date. (*Miller & Lux Inc.* v. *Superior Court* (1923) 192 Cal. 333, 338 [219 P. 1006]; *City of Los Angeles* v. *Superior Court* (1921) 185 Cal. 405, 413 [197 P. 79].)[3] Similarly the interposition of a contractual

---

[2] Section 585, subdivisions 1 and 2, authorizes the taking of a default only if no answer or other proper response to the complaint has been filed "within the time specified in the summons, or such further time as may be allowed."

[3] "The provision contained in the stipulation for a continuance of October 4, 1915, that at least ninety days' notice shall be given of the resetting of the cause for trial, did not operate in any way to extend the running of the five-year period. The plaintiff was at liberty to have the trial set for the day after the stipulated year of continuance had expired, and could have served notice thereof at any time within ninety days of such date. It had no more right to have a continuous extension of its time in which to bring the case to trial under this ninety days' stipulation than it would have had under the five-day notice required by statute. It is true that under this stipulation for ninety days' notice there would have been no date within ninety days of the expiration of the five-year period for bringing the cause to trial when it could have been set without the consent of defendant, but that was one of the contingencies arising under the stipulation that plaintiff was bound to provide against. No such attempt to set for trial was made, but it could not have extended plaintiff's rights in the premises if it had been made and opposed by defendant." (185 Cal. at p. 413.)

requirement of 10 days' notice for terminating the open extension of time to plead and for restoring plaintiff's freedom to take a default did not extend the three-year period within which section 581a, subdivision (c), required plaintiff to have judgment entered in the absence of an answer's being filed.

In any event the express exception to section 581a, subdivision (c), relied upon by the majority, which was added in 1949 and declares that the subdivision shall operate "except where the parties have filed a stipulation in writing that the time may be extended,"[4] does not cover stipulations which merely extend the time to *plead.* The extension contemplated by the statutory exception is of the time "to have judgment entered," not just to plead. (See *Miles & Sons, Inc.* v. *Superior Court* (1960) 181 Cal.App.2d 151, 153 [5 Cal.Rptr. 73].) Although a stipulation extending the time to plead bars the plaintiff from taking a default during the extension, it does not fix a certain deadline for fulfillment of the plaintiff's duty to have a default judgment entered. If no pleading is forthcoming by the end of the extension, the plaintiff ordinarily cannot obtain a default judgment instantaneously but needs a reasonable time for that purpose. (*Lynch* v. *Bencini* (1941) 17 Cal.2d 521, 524-525, 530-533 [110 P.2d 662].) Thus to construe an agreed extension of the defendant's time to plead as a stipulation extending the plaintiff's time to have judgment entered does not fulfill but defeats the legislative policy correctly pointed out by the majority as underlying the exception—that of avoiding unseemly disputes between counsel over purported waivers of the right to dismissal. (See *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 443-444 [96 Cal.Rptr. 571, 487 P.2d 1211] (dissenting opn.); *Miller & Lux Inc.* v. *Superior Court, supra,* 192 Cal. 333, 340.)

A stipulation which merely extends time to plead and is therefore outside the *express* exception to the dismissal requirements of section 581a, subdivision (c), can nevertheless be included in the acts and conduct of the parties which bring *implied* exceptions to the dismissal requirement into play. (*Tresway Aero, Inc.* v. *Superior Court, supra,* 5 Cal.3d 431, 440; *Woley* v. *Turkus* (1958) 51 Cal.2d 402, 407 [334 P.2d 12].) In *Tresway* we held that a defendant who received defective service of process and obtained a stipulation extending the time to plead from within to beyond the three-year period for filing a return of service under section 581a, subdivision (a), was estopped to move for dismissal under

---

[4]See Statutes 1949, chapter 463, section 1, page 810, adding this form of proviso to what are now subdivisions (a) and (c) of section 581a.

that subdivision. The plaintiff had filed a timely return of the defective service, and the defect was one which plaintiff could readily have cured by repeating the identical steps of service and filing while using a summons that contained additional wording which would supply a mandatory notice concerning service on a corporation. We held that by requesting the extension of time to plead, "defendant led plaintiff to believe that further service of process on defendant would be duplicatory and redundant [,] . . . lulled plaintiff into . . . a ' "false sense of security," ' and probably prevented plaintiff from discovering her error and effecting valid service within the statutory period." (*Tresway Aero, Inc.* v. *Superior Court, supra,* 5 Cal.3d at pp. 441-442.)

Relying on *Tresway,* plaintiff claims estoppel in the present case, asserting that during the year between the filing of the complaint and the open extension of time to plead, petitioner's course of conduct in requesting and obtaining extensions of time to plead led plaintiff to believe "that pleading technicalities would not be invoked." Some of the extension requests were made after previous extensions had expired, and the petitioner's letters confirming the extensions were informally phrased and made no reference to these expirations of previously granted extensions. This informality during the early part of the three-year period of section 581a, subdivision (c), could not reasonably be construed by plaintiff's counsel as a misrepresentation that the subdivision's requirements for timely entry of default judgment in the absence of an answer would be waived. Unlike the situation in *Tresway,* the stipulations did not specify a pleading date beyond the three-year period, and there was no crucial hidden defect which would probably have been revealed in the absence of the stipulations (see *id.,* at p. 441) and of which petitioner sought to take advantage once the period had expired. Similarly, petitioner's acceptance in January 1972 of the terminable open extension of time to plead could not reasonably be regarded by plaintiff's counsel as a commitment by petitioner not to raise any legally available defense in the event that plaintiff refrained from giving a 10-day notice to terminate the extension throughout the ensuing 2 years.

Plaintiff further alleges in its return to the alternative writ that its delay in giving notice to plead was in reliance not only upon petitioner's request for the extension of time but also upon the partial performance of the obligations on which the suit had been brought and petitioner's assurances over a period of more than three years that plaintiff's claims would be satisfied by completion of such performance. Plaintiff alleges

that it finally gave petitioner notice to answer only after recognizing that the controversy was not going to be resolved in this manner. Whatever effect these events might have had upon plaintiff's reasonable belief as to the necessity for ultimately going through with a trial, they offered plaintiff no ground to refrain from giving petitioner a notice to answer and otherwise complying with section 581a, subdivision (c). Although petitioner allegedly requested the open extension of time granted in January 1972, there is no indication that petitioner's assurances of performance were *conditioned* upon plaintiff's withholding the agreed-to-10-day notice to plead so long as to preclude fulfillment of the statutory requirements before expiration of the 3-year period in September 1974.

Plaintiff makes no claim that its failure to have a timely default judgment entered was excused by the implied exception for impracticability and futility which we have recognized as applicable to the dismissal provisions of section 581a. (See *Busching* v. *Superior Court* (1974) 12 Cal.3d 44, 53 [115 Cal.Rptr. 241, 524 P.2d 369]; *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736 [329 P.2d 489]; *McKenzie* v. *City of Thousand Oaks* (1973) 36 Cal.App.3d 426 [111 Cal.Rptr. 584].) Although a stipulation that is insufficient to invoke an exception expressly provided by the statute may nevertheless be material evidence on the issue of impracticability and futility (*Woley* v. *Turkus, supra,* 51 Cal.2d at p. 408; *Pacific Greyhound Lines* v. *Superior Court* (1946) 28 Cal.2d 61, 67 [168 P.2d 665]), the stipulations here had no such effect. The stipulations other than that for an open extension had terminated by the end of the first of the 3 years which section 581a, subdivision (c), gave plaintiff to take a default judgment, and thereafter the agreed open extension interposed no barrier more formidable than the necessity for giving a simple 10-day notice to plead. (See *J. C. Penney Co.* v. *Superior Court* (1959) 52 Cal.2d 666, 671-672 [343 P.2d 919].)

Since in my view petitioner was entitled to a dismissal under subdivision (c) of section 581a, I deem it unnecessary to determine whether petitioner also had a right to dismissal under subdivision (a).

I would issue the writ.

Sullivan, J., and Richardson, J., concurred.

Petitioner's application for a rehearing was denied November 25, 1975. Wright, C. J., Sullivan, J., and Richardson, J., were of the opinion that the application should be granted.