[L. A. No. 1755. In Bank.—August 31, 1905.]

JULES F. ROTH, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

ACTION UPON NOTE—STIPULATION OF ATTORNEYS EXTENDING TIME TO PLEAD—APPEARANCE—DELAY FOR THREE YEARS—PROHIBITION.—A stipulation signed by the attorneys for both parties in an action upon a note, giving the defendant time in which to plead, constitutes a virtual appearance of the defendant, though the stipulation is not filed; and where the time in which to plead was thereafter verbally extended at defendant's request for the period of three years, and the summons was not returned, and a motion to dismiss the action was denied upon a showing of the facts, prohibition will not lie to restrain the prosecution of the action.

PETITION for Writ of Prohibition to the Superior Court of Los Angeles County. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

H. C. Millsap, for Petitioner.

Lawler, Allen & Van Dyke, for Respondent.

BEATTY, C. J.—On October 11, 1901, the State Bank and Trust Company commenced an action against this petitioner to recover the amount of a promissory note. Summons and copy of the complaint were served the same day, and on the following day the parties by their respective attorneys entered into the following stipulation:—

"In the Superior Court of Los Angeles County,
          "State of California.
"State Bank & Trust Company, a corporation, Plaintiff,
              "vs.
"Jules F. Roth, Defendant.

"It is hereby stipulated by and between the parties hereto that the above-named defendant may have to and including the twelfth (12th) day of November in which to plead in the above-entitled action.

"Dated this 12th day of October, 1901.
                    "LAWLER & ALLEN,
                          "Attorneys for Plaintiff,
                    "WALTER ROSE and
                    "ROSS T. HICKOX,
                          "Attorneys for Defendant."

Nothing further was done until February, 1905, except that through the attorneys time to answer was extended by verbal stipulation, at request of the petitioner. The summons was never returned, and in February, 1905, petitioner gave notice of a motion to dismiss the action upon the ground that more than three years had elapsed since its commencement without return of summons. After notice of this motion and before the hearing the attorneys for the plaintiff in that action filed the stipulation above·quoted. The superior court denied the motion and threatens to proceed in the action. Petitioner asks that all further proceedings be stayed, and bases his claim to the writ upon the provisions of subdivision 7 of section 581 of the Code of Civil Procedure. We think the writ should be denied. The stipulation, signed as it was by petitioner's attorneys in the action, was a virtual appearance, and none the less so because it was not filed. The case comes fully within the reasoning and principle of decision of *Cooper* v. *Gordon,* 125 Cal. 296, [57 Pac. 1006], and is distinguished

from the case of *Vrooman* v. *Li Po Tai,* 113 Cal. 302, [45 Pac. 470], by the fact that in that case no stipulation was signed by any one as attorney for the defendant, while here a stipulation is signed by attorneys representing the defendant, and empowered to bind him in all proceedings in the action.

Writ denied and proceeding dismissed.

McFarland, J., Lorigan, J., Henshaw, J., Shaw, J., and Angellotti, J., concurred.