Víctor P. Martínez-González, Petitioner and Appellant, v. Municipal Court of San Sebastián and Juan B. Pérez Soto, Respondents and Appellees.

No. 4449. Argued March 28, 1928.—Decided July 26, 1928.

Víctor P. Martínez González for the appellant. Buenaventura Esteves for the appellees.

Mr. Justice Hutchison delivered the opinion of the court.

Víctor P. Martínez brought an action in the Municipal Court of San Sebastián against Clotilde Jiménez and obtained a judgment for two hundred and twenty-eight dollars and eighty-eight cents, together with interest and an additional sum of one hundred dollars to cover costs, disbursements and attorney's fees.

Juan B. Pérez Soto intervened claiming ownership of a parcel of land which had been attached as the property of Jiménez and was about to be sold under execution.

Two days before the date fixed for the sale the municipal court issued a preliminary injunction, basing its action upon a sworn application accompanied by a bond in the sum of seven hundred dollars.

Thereupon, Martínez applied to the district court for a writ of certiorari.

The present appeal is taken from an order quashing the preliminary writ first issued by the district judge, and dismissing the petition.

Appellant says that the district court erred in holding that the municipal court had jurisdiction over the proceeding for an injunction.

Sections 5276, 5277 and 5278 of the Comp. Sts. of 1911 read as follows:

"Section 5276. The claim of a third party to real property shall be initiated by an action brought by the claimant against the persons having interest in the matter, and the trial shall be conducted according to the proceedings in the Code of Civil Procedure: *Provided*, That in third party's actions claiming property of this class, an order for the necessary proceedings directing that the property be sold at public auction may be suspended only by the third party by means of an injunction in accordance with the law defining injunctions, approved March 8, 1906: *And provided* further, That the court in which the third party's actions are instituted shall have jurisdiction to take cognizance of the injunction.

"Section 5277. The court from which the writ issued shall have jurisdiction of the suit of the trial of the right of property under the terms of this act: *Provided, however,* That should the original suit in which the execution or attachment is issued be pending in a municipal court and the value of the property attached exceeds five hundred dollars, then, in that event, the jurisdiction of the trial of the right of property claimed shall be in the district court before which appeals lie from the decisions of the municipal court in which the original suit is pending.

"Section 5278. The court having jurisdiction in cases which caused the issuance of the writ that gave rise to the third party's claim, shall also take cognizance of suits brought by a third party."

The theory of appellant is that the property in controversy was worth more than five hundred dollars. Intervenor in his complaint alleged the value to be five hundred dollars. The answer filed by Martínez contained a general denial, but this answer was filed after the preliminary writ had been is-

sued. In a motion to dissolve the preliminary injunction it was also alleged under oath that the property in question was worth approximately two thousand dollars. Such subsequent averment could not affect whatever power the municipal court may have had to act upon the prima facie showing made by the complaint in intervention and upon the giving of a good and sufficient bond by intervenor.

A more serious suggestion, however, is that the district court erred in holding that the municipal court could consider and act upon the application for an injunction, without a previous hearing or notice given to Martínez of such application.

This proposition is based upon Comp. Sts., sections 1359 and 5387 in connection with the statement that the petition for injunction was filed on October 5th and that the defendant Martínez had answered the complaint in intervention on September 27th. The answer is dated September 27th and the affidavit of service indicates that it was served upon the same day. The affidavit of service, however, was subscribed and sworn to before the municipal judge of San Sebastián on October 6th, and the answer was filed in the office of the secretary on the same day. The preliminary injunction purports to have been issued on October 5th. The motion to dissolve the injunction so issued is dated October 6th.

Section 1359, *supra*, is section 6 of the local law governing injunctions. It reads thus:

"An injunction can not be allowed after the defendant has answered, unless upon notice, or upon an order to show cause; but in such case the defendant may be restrained until the decision of the court or judge granting or refusing the injunction."

Section 5367 is section 323 of the Code of Civil Procedure. It follows:

"A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him. After appearance, a defendant or his attorney is entitled to notice of all subsequent proceed-

ings of which notice is required to be given. But where a defendant has not appeared, service of notice or papers need not be made upon him unless he is imprisoned in the action for want of bail.''

Manifestly the service of a copy of the answer, without more, is not ordinarily an appearance before the court. Nevertheless a defendant may appear not only by filing his answer but also by giving a written notice of appearance.

The primary purpose of section 323 is to require service of notice upon a defendant from and after the time when the name of his attorney is known to plaintiff. The service of a copy of the answer upon the attorney for plaintiff furnishes all the information that is needed if plaintiff desires to take any subsequent step before expiration of the time for filing the answer.

Construing together the two sections now under consideration, we are constrained to hold that Martínez, defendant in the intervention proceeding, answered within the meaning of section 6 of the law regulating the issuance of injunctions, and appeared within the meaning of section 323 of the Law of Civil Procedure, requiring notice of subsequent proceedings, when he served upon counsel for plaintiff a copy of the answer which was filed thereafter within the time prescribed by statute. *Cooper* v. *Gordon,* 125 Cal. page 296; *Roth* v. *Superior Court,* 147 Cal. 604; *California Pine Box and Lumber Company* v. *Superior Court,* 13 Cal. App. 65.

The judgment appealed from must be reversed.