Víctor P. Martínez González, peticionario y apelante, *v.* La Corte Municipal de San Sebastián, representada por el Hon. Víctor Igartúa, Juez, y Juan B. Pérez Soto, demandados y apelados.

No. 4449.—*Visto:* Marzo 28, 1928. *Resuelto:* Julio 26, 1928.

*Víctor P. Martínez González,* abogado del apelante; *Buenaventura Esteves,* abogado de los apelados.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Víctor P. Martínez entabló una acción en la Corte Municipal de San Sebastián contra Clotilde Jiménez, obteniendo sentencia favorable por la suma de $228.80 con sus intereses, y por una suma adicional de cien dólares para cubrir las costas, desembolsos y honorarios de abogado.

Juan B. Pérez Soto intervino, alegando ser dueño de una parcela de terreno que había sido embargada como de la propiedad de Jiménez y que iba a ser vendida en ejecución de la sentencia.

Dos días antes de la fecha fijada para la venta, la corte municipal expidió un auto preliminar de *injunction,* basando su actuación en una declaración jurada acompañada de una fianza por la suma de $700.

Martínez entonces acudió a la corte de distrito solicitando un auto de *certiorari.*

El presente recurso se ha interpuesto contra una resolución anulando el auto preliminar de *certiorari* expedido primeramente por la corte de distrito y declarando sin lugar la petición.

El apelante alega que la corte de distrito erró al resolver que la corte municipal tenía jurisdicción para conocer del procedimiento de *injunction.*

Las secciones 5276, 5277 y 5278 de la Compilación de los Estatutos Revisados de 1911 leen así:

"(5276) Sección 16.—La tercería respecto a bienes inmuebles se

iniciará por demanda que formalizará el reclamante contra todas las personas que tengan interés en el asunto y el juicio se sustanciará por los trámites del Código de Enjuiciamiento Civil. *Disponiéndose,* que en las tercerías de esta clase sólo podrá suspender el tercerista una orden de ejecución para el trámite de subasta mediante interdicto prohibitorio (*injunction*) de acuerdo con la ley definiendo los *injunctions* aprobada en marzo 8 de 1906; y *disponiéndose, además,* que para conocer del interdicto tendrá jurisdicción la misma corte ante la cual se sustancie la tercería.

"(5277) Sección 17.—La corte que dictare la orden tendrá competencia para conocer del procedimiento en los casos de tercería, de acuerdo con las disposiciones de esta ley; *Disponiéndose, sin embargo,* que si el pleito original en el cual se librare la orden de ejecución o embargo estuviere pendiente ante una corte municipal, y el valor de la propiedad embargada excediere de quinientos dollars, en ese caso la competencia para conocer del procedimiento de tercería entablado, corresponderá a la corte de distrito para ante la cual se apelare de las sentencias de la corte municipal que estuviere conociendo del pleito original.

"(5278) Sección 18.—Será competente para conocer de los juicios de tercería, la corte que tenga jurisdicción en el asunto en que se haya decretado la orden a que se refiere la tercería."

La teoría del apelante es que la finca en controversia vale más de quinientos dólares. El tercerista alegó en su demanda que el valor era quinientos dólares. La contestación radicada por Martínez contenía una negativa general, pero fué radicada después de haberse expedido el auto preliminar. En una moción para anular el *injunction* preliminar también se alegaba bajo juramento que la finca en cuestión valía aproximadamente dos mil dólares. Tal alegación posterior no podía afectar cualquier autoridad que la corte municipal pudo haber tenido para actuar, en vista de lo que la demanda de tercería demostraba *prima facie*, y por haber prestado el tercerista una fianza válida y suficiente.

Sin embargo, una cuestión más grave es que la corte de distrito erró al resolver que la corte municipal podía considerar y resolver la petición de *injunction*, sin notificar ni oír previamente a Martínez sobre tal petición.

Esta proposición se basa en las secciones 1359 y 5367 de los Estatutos Revisados, en relación con el dicho de que la petición de *injunction* fué radicada el 5 de octubre, y que el demandado Martínez había contestado la demanda de tercería el 27 de septiembre. La contestación está fechada el 27 de septiembre, y la declaración jurada sobre notificación indica que fué notificada el mismo día. Sin embargo, esa declaración está suscrita y jurada ante el Juez Municipal de San Sebastián con fecha 6 de octubre, y la contestación fué radicada en la secretaría ese mismo día. Se supone que el *injunction* preliminar fué expedido el 5 de octubre. La moción para anular el *injunction* así expedido tiene fecha 6 de octubre.

El artículo 1359, *supra*, corresponde a la sección 6 de la ley local sobre *injunctions*. Esta sección dice así:

"No podrá concederse un *injunction* después de haber el demandado contestado una demanda, sin que medie una notificación, o una orden requiriendo a dicho demandado para que exponga sus razones en contra de la concesión; pero en tal caso podrá entredicharse al demandado, hasta recaer la decisión del tribunal o juez que hubiere de conceder o denegar el *injunction*."

La sección 5367 corresponde al artículo 323 del Código de Enjuiciamiento Civil. Lee como sigue:

"Un demandado comparece en un pleito cuando contesta, opone excepción previa, o notifica por escrito su comparecencia al demandante; o cuando un abogado hace constar su comparecencia por dicho demandado. Después de la comparecencia, el demandado o su abogado, tendrá derecho a que se le notifiquen todos los procedimientos subsiguientes cuando corresponda. Pero si el demandado no ha comparecido, no habrá necesidad de que se le hagan las notificaciones o entrega de documentos a menos que se hallare en prisión con motivo del pleito, por falta de fianza."

Evidentemente el entregar copia de la contestación a la parte contraria, sin más, no equivale ordinariamente a una comparecencia ante la corte. No obstante, un demandado puede comparecer no solamente radicando su contestación,

sino también archivando un escrito haciendo constar su comparecencia.

El fin primordial del artículo 323 es exigir que se le notifique al demandado desde el momento que el nombre de su abogado es conocido por la parte demandante. El entregar copia de la contestación al abogado del demandante, suministra toda la información requerida, si el demandante desea dar cualquier paso posterior antes de que transcurra el término para radicar la contestación.

Interpretando conjuntamente las dos secciones que ahora tenemos bajo nuestra consideración, nos sentimos obligados a resolver que Martínez, el demandado en el procedimiento de tercería, contestó dentro del significado de la sección 6 de la ley para reglamentar la expedición de *injunctions*, y que compareció de conformidad con el artículo 323 del Código de Enjuiciamiento Civil, al hacer entrega al abogado del demandante de una copia de la contestación, la que fué radicada posteriormente dentro del término prescrito por la ley. *Cooper* v. *Gordon*, 125 Cal. 296; *Roth* v. *Superior Court*, 147 Cal. 604; *California Pine Box and Lumber Company* v. *Superior Court*, 13 Cal. App. 65.

*La sentencia apelada debe ser revocada.*