[Civ. No. 23299.  Second Dist., Div. One.  Dec. 16, 1958.]

MAE V. BROWN, Respondent, v. DOUGLAS AIRCRAFT COMPANY, INC. (a Corporation), Appellant.

John A. Dundas, Louis Lieber, Jr., and Frederick E. MacArthur for Appellant.

Margolis, McTernan & Branton for Respondent.

FOURT, J.—This is an appeal from an order granting a motion to set aside a judgment as to the above named corporate defendant.

An action for damages for libel was brought by the plaintiff against 15 individual defendants and the Douglas Aircraft Company, the corporate defendant. Several of the individual defendants were served with summons and a copy of the complaint and thereupon such individual defendants demurred to, and moved to strike certain portions of the complaint. The

demurrers and the motions to strike came on for hearing on April 11, 1956, and after some two hours of hearing, were continued for further hearing to April 19, 1956. Another of the individual defendants was served after April 11, 1956, and she filed a demurrer and motion to strike on April 19, 1956; a stipulation was then entered into between counsel, and the court ordered "that the demurrer to the complaint and the motion to strike filed herein today by defendant Mary A. Church may be heard at this time together with the demurrer and motion to strike already set for this time." After the matter of the demurrers and motions had been argued for another two hours on the 19th of April, the demurrers were sustained and the plaintiff was given 45 days within which to amend. The motions to strike were ordered off calendar.

During the hearing on the 19th of April it was stated by counsel for the plaintiff, in effect, that he was about to serve Douglas Aircraft Company, the corporate defendant, who, with the individual defendants L. A. Peifer, Sonia Van Hooser Hazard and Winnie W. Barrett, had not as yet been served, and who, up to that time, had made no appearance in the action. Counsel for the appearing defendants stated that he was the attorney for Douglas Aircraft Company, and further stated in effect that he intended to demur and move to strike in its behalf as and when the summons and complaint were served. Apparently, in order to circumvent another lengthy hearing covering the identical matters which the court was then hearing, it was suggested and stipulated by opposing and appearing counsel in open court as follows:

". . . default will not be taken against the corporate defendant on the original complaint herein, but the amended complaint may be served upon counsel for the defendants who have appeared and thereupon the corporate defendant and all defendants who have appeared shall answer or plead to the 1st amended complaint within 30 days following service upon their counsel."

The stipulation was embodied in, and made a part of the court's order of that day wherein it ruled upon the demurrers, the motions to strike and the granting of time to the plaintiff within which to amend, and the granting of time to the corporate defendant within which to answer the amended complaint.

No amended pleading was filed within the 45 days, namely on or before June 4, 1956. The corporate defendant waited

until the 20th day of June, 1956, and then wrote a letter on that date to the plaintiff's attorneys stating, in effect, that the 45-day period within which the amended complaint was to be filed had expired on June 4, 1956, and that counsel for the plaintiff was notified that he might have to and including Wednesday, June 27, 1956 in which to serve an amended complaint and that if not served on or prior to that date the company would take such steps as might be available to have the action terminated with prejudice to the plaintiff. On June 28, 1956, 69 days after the demurrers were sustained and no amended complaint had been filed, the corporate defendant made an application to the court to dismiss the action with prejudice as to the plaintiff, and a judgment was so rendered and entered, and notice thereof was given to counsel for the plaintiff on June 29, 1956.

On October 17, 1957, one year and almost four months after entry of the judgment of dismissal, the plaintiff moved to set aside the judgment as to the corporate defendant, L. A. Peifer, Sonia Van Hooser Hazard and Winnie W. Barrett. The motion was made pursuant to the provisions of section 473, Code of Civil Procedure. The matter came on to be heard November 20, 1957, and was heard in part on that day and continued to December 11, 1957, when it was further heard, and the court then granted plaintiff's motion to set aside the judgment as to the corporate defendant and the above individually named defendants. This appeal is by the corporate defendant from that order.

The appellant contends that under the circumstances of this case it made a general appearance, that the trial court had jurisdiction over the person of the corporate defendant, and the judgment of dismissal was final and binding as between the plaintiff and the corporate defendant, and further that the court thereafter had no power to set the judgment aside. We agree with the appellant.

This case is unusual and anomalous in that it is the plaintiff, not the defendant, who seeks to demonstrate that the defendant made no appearance in the case. Counsel for the appellant has stated in the brief that he has been unable to find a case parallel to the situation presented here, and our own independent research has not disclosed any such case.

Section 1014, Code of Civil Procedure read, at the time with which we are concerned, as follows:

"A defendant appears in an action when he answers,

demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him. After appearance, a defendant or his attorney is entitled to notice of all subsequent proceedings of which notice is required to be given. But where a defendant has not appeared, service of notice or papers need not be made upon him unless he is imprisoned for want of bail.''

A general appearance is not necessarily a formal, technical step or act. (Witkin, California Procedure, vol. I, § 66, p. 336.) And, as further stated by Witkin, California Procedure, *supra,* at page 336:

''The doctrine of appearance has more than one purpose and becomes relevant in several branches of the law of procedure:

'' (1) Its principal application is in the present topic of *jurisdiction of the person.* Appearance is considered herein as a form of consent to personal jurisdiction, dispensing with the requirement of service of process, and curing a defective service or other lack of notice.''

The corporate defendant, in this case, through its counsel knew of the pending action. The defendant obviously had a right to appear and defend in the action. In *Wheatland* v. *Maloney,* 110 Cal.App. 288 [294 P. 499], the plaintiff voluntarily dismissed a libel action before service or appearance of the defendants, and the defendants sought the statutory award of $100 attorneys' fees. In rejecting plaintiff's contention that they were not entitled, because of the lack of summons or appearance, the court said (at pp. 290-291):

''When a complaint is filed, service of summons is not a necessary prerequisite to the right of the defendant to appear and defend such action. The summons duly served is simply a mandate requiring the appearance of said defendant in said action under penalty of having judgment entered for failure so to do. A defendant, who knows an action was pending against him, could proceed to retain counsel and begin the preparation of his defense to said pending action. If defendant has a right to appear in an attack upon an alleged cause of action after complaint filed, then he has a right to appear by attorney. Having such a right in a pending action presupposes his right to retain or employ such an attorney.''

There is no contention in this case that counsel for the corporate defendant was not authorized to appear for the company.

The plaintiff argues that the corporate defendant made no

appearance at all, and that at best all that was done was that the corporate defendant asked for an extension of time within which to answer or to appear. However, it is clear that such is not the situation.

The attorney for the company and the attorney for the plaintiff were physically present in court acting upon the matters which had to do with the very case in question. The court had the particular case, and none other, before it at the time and the attorney for the corporate defendant represented the other defendants in the case. The attorney for the corporate defendant, on its behalf, entered into the stipulation with the attorney for the plaintiff, and the court made the stipulation a part of its order of the day in the particular matter. The attorney for the corporate defendant made no objection to the court's taking jurisdiction over the person of the corporate defendant. Likewise, the plaintiff did not object to the court's taking jurisdiction over the corporate defendant, and her actions later indicate that she assumed that the court did have jurisdiction and that the corporate defendant had appeared in the case. The stipulation, it may be noted, did three things, namely, (1) it provided that no default would be taken against the corporate defendant on the original complaint. As a consequence, if the plaintiff had served the corporate defendant with process and more than 10 days had elapsed thereafter, with no further appearance by the corporate defendant, still no default judgment could be secured; (2) it provided that an amended complaint could be served upon counsel for the corporate defendant, and in effect, therefore, that it would not be necessary to serve an officer of the corporation itself which, but for the appearance, would have been required, and (3) it provided that the corporate defendant would have 30 days following service of the amended complaint upon its counsel within which to plead thereto.

As counsel for appellant has pointed out, there is "no judicial litmus paper by which an appeals court can test the question of appearance." We look to the circumstances of the particular case.

In *Judson* v. *Superior Court of Los Angeles County,* 21 Cal.2d 11, at page 13 [129 P.2d 361], it was said:

" 'Whether an appearance is general or special is determined by the character of the relief sought and not by the intention of the party that it shall or shall not operate as a general or special appearance. The statement of a defendant

or party that he is making a special appearance is not necessarily conclusive. ■ The test is—Did the party appear and object only to the consideration of the case or any procedure in it because the court had not acquired jurisdiction of the person of the defendant or party? If so, then the appearance is special. ■ If, however, he appears and asks for any relief which could be given only to a party in a pending case, or which itself would be a regular proceeding in the case, it is a general appearance regardless of how adroitly, carefully or directly the appearance may be denominated or characterized as special. (*In re Clarke*, 125 Cal. 388 [58 P. 22].) The rule in this regard may be epitomized by saying that if a defendant by his appearance insists only upon the objection that he is not in court for want of jurisdiction over his person and confines his appearance for that purpose only, then he has made a special appearance, but if he raises any other question, or asks any relief which can only be granted upon the hypothesis that the court has jurisdiction of his person, then he had made a general appearance. (*Olcese* v. *Justice's Court*, 156 Cal. 82 [103 P. 317]; *Zobel* v. *Zobel*, 151 Cal. 98 [90 P. 191].)' ''

■ In *Davenport* v. *Superior Court*, 183 Cal. 506, at page 511 [191 P. 911], it was said:

''An act of a defendant by which he intentionally submits himself to the jurisdiction of the court in that action for the purpose of obtaining any ruling or order of the court going to the merits of the case, as, for example, a motion to strike out part of the complaint, *or the making of stipulations*, as in the cases above-mentioned, *which may reasonably be construed to imply that the court has, in that action, acquired jurisdiction of the person of the defendant, will be equivalent to an appearance*, although not strictly in accordance with the terms of section 1014.'' (Emphasis added.)

■ The plaintiff recognized that an appearance was made by the corporate defendant, for in plaintiff's affidavit made in December, 1956, she stated: . . . she was informed by her counsel Philip E. Poppler that the defendants Douglas Aircraft Company, Inc., and others had extended by oral stipulation the time within to file an Amended Complaint to and including June 27, 1956.'' It is readily apparent that if there had been no appearance upon the part of the corporate defendant she did not need any extension of time within which to file her amended pleading. Likewise, when she served her notice of motion to set aside the judgment, she served it

upon counsel for the corporate defendant and not upon any officer of the corporation, as designated in section 6403, Corporations Code. Under section 473, Code of Civil Procedure, a court may set aside a judgment claimed to be void only upon "notice to the other party."

Furthermore, it is important to remember that in this particular case it is the defendant who argues that the court had jurisdiction, and not the plaintiff. The plaintiff would seem to want to appropriate from the corporate defendant a privilege which belonged to it and not to the plaintiff. ■ As stated in *Panama R. Co.* v. *Johnson* (1923), 289 F. 964, at page 981:

"It is well-settled law that the jurisdiction of courts over the persons of the parties to the suit is one of personal privilege, and if a party appears, failing to make objection to the jurisdiction over his person in limine, the objection is waived. *Rhode Island* v. *Massachusetts*, 12 Pet. [U.S.] 657 [9 L.Ed. 1233]; *Toland* v. *Sprague*, 12 Pet. [U.S.] 300 [9 L.Ed. 1093]; *Harkness* v. *Hyde*, 98 U.S. 476 [25 L.Ed. 237]. The failure to object at the proper time is a waiver of what is a personal privilege, and is a consent to the jurisdiction."

■ We have had no cases pointed out to us for our consideration wherein the plaintiff has complained that the actions of the defendant were not sufficient to constitute an appearance. This is obviously not the simple type of case wherein a defendant merely seeks an extension of time within which to appear in the case and then the plaintiff contends that the court had jurisdiction over the defendant. It is clear in our opinion that it was the intention of the corporate defendant to appear and submit to the jurisdiction of the court, and that it did so.

The plaintiff asserts that to reverse the order setting aside the judgment would be tantamount to putting the stamp of approval upon a forfeiture. The record does not bear out any such contention.

The order setting aside the judgment of dismissal is reversed.

White, P. J., and Lillie, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 11, 1959.