[Civ. No. 21682. First Dist., Div. Two. Jan. 29, 1965.]

GENA REE MONROE O'KEEFE, as Administratrix, etc., Plaintiff and Appellant, v. CARLYLE MILLER, Individually and as Trustee, etc., et al., Defendants and Respondents.

Marcel E. Cerf, Robinson & Leland, Merrill E. Steinberg and George Olshausen for Plaintiff and Appellant.

Carlyle Miller, in pro. per., and Cyril Viadro for Defendants and Respondents.

AGEE, J.—Plaintiff appeals from an order granting the motion of defendants Carlyle Miller and Dolores Miller, his wife, to dismiss this action under the following provision of section 581a of the Code of Civil Procedure: "[A]ll actions heretofore or hereafter commenced must be dismissed by the court in which the same shall have been commenced . . . unless the summons shall be served and return thereon made within three years after the commencement of said action, . . ."†

Appellant contends that this provision is not controlling here because of the following additional provision in section 581a: "*But* all such actions may be prosecuted, if *general appearance* has been made by the defendant or defendants, *within said three years* in the same manner as if summons had been issued and served; . . ." (italics added).

Thus the crucial issue before us is whether respondents made a general appearance within three years after May 5, 1958, when this in personam action was commenced. Appellant relies upon three written instruments executed by respondents and filed in said action *within* the three-year period, coupled with subsequent acts and conduct of respondents which showed their intent to appear generally and not specially.

Section 1014 of the Code of Civil Procedure provides in pertinent part as follows: "A defendant appears in an action when he answers, demurs, files a notice of motion to strike, or *gives the plaintiff written notice of his appearance,* or when *an attorney gives notice of appearance for him.*" (Italics ours.)

"A general appearance is not necessarily a formal, technical step or act. The term is applied to various acts which, under established principles of procedure, are deemed to confer jurisdiction of the person." (1 Witkin, Cal. Procedure (1954) Jurisdiction, § 66, p. 336.)

---

†The written order of dismissal constitutes a judgment. (Code Civ. Proc., § 581d.)

922

 Respondent Carlyle Miller is an attorney at law. On September 23, 1958, on behalf of himself and his wife, he and the attorneys for appellant executed a written stipulation, which was filed in this action with the clerk of the court on September 26, 1958.

This stipulation recited that defendant Monroe & Miller, Ltd., a corporation, and other corporate and individual defendants had filed a motion to strike and a demurrer to plaintiff's complaint, each of which was then pending and undetermined, and that respondents need not "appear, plead or otherwise move" until the court had ruled on the demurrer and motion and they had received notice of the ruling by mail.

The stipulation further provided that in the event "said Demurrer is sustained with leave granted to said Plaintiff by said Court to amend said Complaint, any amended complaint thereafter filed by Plaintiff herein may be *served* upon said Carlyle Miller and Dolores Miller *by mail* as hereinabove in paragraph (4) set forth." (Italics added.)

Paragraph (4) provides that mail should be addressed to respondents at "Post Office Box 297, Aptos, California, or at such other address as they may hereafter furnish in writing to one of the attorneys of record for said Plaintiff for which said mailing may be *established* by an *Affidavit of Mailing*." (Italics ours.)

By the foregoing stipulation respondents in effect waived personal service of a copy of the complaint and summons as provided in section 410 of the Code of Civil Procedure and agreed to accept service of the complaint, as and when amended, by mail.[1] Respondents also agreed by said stipulation to accept an affidavit of mailing as *proof* of such service in lieu of the certificate or affidavit of service prescribed by said section 410.

On January 29, 1960, respondent Carlyle Miller, designating himself as "Attorney, In Propria Persona, and for Defendant, Dolores Miller," executed the following notice:

"To: Plaintiff above-named and to Messrs. Hudson, Bachan & Skillicorn and Courtney L. Moore, Esq., her attorneys:

"In pursuance of 'Stipulation Extending Time' by and between Dolores Miller and the undersigned, two of the de-

---

[1]Although not raised as an issue, it may be noted that the stipulation of September 23, 1958, also, in effect, substantially complies with the provision in section 406 of the Code of Civil Procedure that "[a]t any time within the year after the complaint is filed, the defendant may, in writing, . . . waive the issuing of summons."

fendants above-named, and Messrs. Hudson, Bachan & Skillicorn, attorneys for plaintiff, dated September 23, 1958 and on file in the above-entitled action, you are hereby requested, until further notice, to address and mail any and all notices or any amended complaint provided by said Stipulation as follows:

> Carlyle Miller
> c/o William A. Lahanier, Esq.
> Attorney at Law
> 351 California Street
> San Francisco 4, California.''

This notice was served by mail on appellant's attorneys on January 30, 1960, and filed with the clerk of the court on February 2, 1960.

Appellant filed an amended complaint on March 2, 1960, and attached to it an affidavit of mailing showing that service had been made upon respondents in accordance with said stipulation and notice.

A comparable situation was involved in *Merner Lumber Co.* v. *Silvey,* 29 Cal.App.2d 426 [84 P.2d 1062]. There the summons was issued on February 27, 1932, but not served. On March 15, 1932, the plaintiff's attorney and the attorney for three of the defendants executed and filed a stipulation that these defendants "may have to and including the 20th day of March, 1933 [one year later], in which to answer the complaint in the above-entitled matter."

The court stated that "the *equivalent* of service and return [of summons] was accomplished by the stipulation dated March 15, 1932." (P. 429.) (Italics added.)

Following the service of the amended complaint upon respondents, the parties entered into an additional stipulation, dated July 26, 1960 and filed on August 1, 1960, in which it was "*AGREED* that defendants CARLYLE MILLER and DOLORES K. MILLER will file a *pleading* to plaintiff's First Amended Complaint within ten (10) days after written notice to do so mailed to . . . ." (Italics ours.)

It should be noted that the respondents agreed, in the second stipulation, to limit themselves to the filing of a "pleading," whereas in the earlier stipulation it might be argued that they had the right to question whether they had retained the right to object to jurisdiction under the wording, "appear, plead, or otherwise move."

Section 420 of the Code of Civil Procedure defines "plead-

924

ings'' as ''the formal allegations by the parties of their respective claims and defenses, for the judgment of the court.'' Section 422 of the Code of Civil Procedure includes among the ''pleadings allowed . . . on the part of the defendant,'' a ''demurrer to the complaint.''

Respondents correctly state that the first *pleading* filed by them was a demurrer to appellant's amended complaint, on July 7, 1961, which was two months after the expiration of the three-year period. However, we have concluded that respondents had already made a general appearance prior to the expiration of said period.

Appellant lists the numerous legal proceedings participated in by respondents between July 7, 1961, and February 25, 1963, on which latter date respondents filed ''POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER TO CONTINUE PRE-TRIAL CONFERENCE AND TRIAL.'' These proceedings were all directed to the *merits* of the case, tending to show a practical interpretation by respondents that the two stipulations and the notice executed and filed within the three-year period constituted a general appearance by them. (Cf. *Barham* v. *Barham,* 33 Cal.2d 416, 423 [202 P.2d 289]; *H. S. Crocker Co., Inc.* v. *McFaddin,* 148 Cal.App.2d 639, 647 [307 P.2d 429].)

It was *nine days later,* on March 6, 1963, that respondents filed their notice of motion to dismiss the action under the provisions of section 581a.

Until that time *everything in the record,* commencing with the stipulation filed on September 26, 1958, showed an intent on the part of respondents to submit themselves to the jurisdiction of the court.[2]

Respondent Carlyle Miller demonstrated his familiarity with section 581a as early as November 15, 1961, when he filed a motion to dismiss the action as to defendant H. O. Heiner on the ground that summons had not been served upon him or return thereon made within three years after the commencement of the action.

At that time (November 15, 1961) it was equally true that summons had not been served upon respondents or return thereon made, so that, if it had not been that *respondents themselves* construed the instruments executed by them and filed during said three-year period as being a general appearance

[2]It does not appear that the death of plaintiff's chief counsel, Courtney L. Moore, on September 21, 1962, caused this about-face by respondents, since they continued with further proceedings on the merits for another five months.

and a waiver of the three-year provision, then *would it not be reasonable to conclude that respondent Carlyle Miller (the attorney of record) would have included himself and his wife in the 581a motion made on behalf of defendant Heiner?*

Respondents cite and rely upon *Davenport* v. *Superior Court,* 183 Cal. 506 [191 P. 911]. In that case plaintiff served summons and complaint upon an officer of two foreign corporations, neither of which had ever done business in this state. Attorneys for these corporations obtained an order of court extending time to plead. Their motion thereafter made to quash service of summons was granted. Plaintiff argued that defendants had made a general appearance. The court held: "The order given by the judge to the defendants' attorneys extending the time within which the defendants might plead to the complaint in the action therein did not, *under the circumstances of this case,* have the effect of a general appearance in the action . . . ." (Italics added.)

The court distinguished *Roth* v. *Superior Court,* 147 Cal. 604 [82 P. 246], *Cooper* v. *Gordon,* 125 Cal. 296 [57 P. 1006], and *California etc. Co.* v. *Superior Court,* 13 Cal.App. 65 [108 P. 882], as follows: "In each of these cases the court was considering the effect of stipulations between the attorneys for the respective parties, and it was, in effect, determined that the stipulations under consideration, under the circumstances there appearing, showed an *intent to appear generally* and not specially." (Italics added.)

In *Brown* v. *Douglas Aircraft Co.,* 166 Cal.App.2d 232 [333 P.2d 59], a libel action was brought against certain individuals and a corporation. The corporation was not served. The individuals filed a demurrer. It was sustained and plaintiff was given leave to amend the complaint. The corporation's attorney, who also represented the individuals, entered into a stipulation with plaintiff's counsel that an amended complaint could be served on him instead of the corporation and that it would have 30 days following such service within which to answer or plead to the amended complaint.

The plaintiff did not amend the complaint. For reasons not pertinent here, the appellate court commented that "[t]his case is unusual and anomalous in that it is the plaintiff, not the defendant, who seeks to demonstrate that the defendant made no appearance in the case."

In holding that the corporation had made a general appearance, the court stated: "A general appearance is not necessarily a formal, technical step or act. . . . 'Its principal applica-

tion [of the doctrine of appearance] is the present topic of *jurisdiction of the person.* Appearance is considered herein as a form of consent to personal jurisdiction, dispensing with the requirement of service of process, and curing a defective service or other lack of notice.' (Quoting from Witkin, California Procedure, vol. 1, § 66, p. 336.) . . . We look to the circumstances of the particular case. . . . This is obviously not the simple type of case wherein a defendant merely seeks an extension of time within which to appear in the case and then the plaintiff contends that the court had jurisdiction over the defendant. It is clear in our opinion that it was the intention of the corporate defendant to appear and submit to the jurisdiction of the court, and that it did so.''

Finally, respondents call attention to the enactment in 1955 of section 416.1 of the Code of Civil Procedure, the addition of the last (third) paragraph ·in section 581a of the Code of Civil Procedure and the change in the first paragraph therein of ''appearance'' to ''general appearance.''

■ Section 416.1 prescribes the procedure for giving notice of a motion to quash the service of summons by a ''defendant or cross-defendant *upon whom service of summons has been made* . . . .'' (Italics added.) It further provides: ''Neither an application to the court by any defendant or cross-defendant for an extension of time within which to plead, nor the granting of such extension nor entering into a stipulation of the parties for such extension, shall constitute a general appearance by said defendant or cross-defendant.''

Section 416.1 is not applicable herein because ''service of summons'' was never made upon respondents and their motion is for dismissal of the action under section 581a and is not a motion to quash service of summons. *Holtkamp* v. *States Marine Corp.,* 165 Cal.App.2d 131 [331 P.2d 679], cited by respondents, involves a motion to quash service of summons made after defendant had secured several extensions of time within which to plead.

■ The paragraph (last) added to section 581a in 1955 is worded as follows: ''A motion to dismiss pursuant to the provisions of this section shall not, nor shall any extension of time to plead *after* such motion, constitute a general appearance.'' (Italics added.)

This provision takes care of the dilemma of a defendant who has made such a motion to dismiss but who is in danger of having a default judgment taken against him before he can obtain a ruling on the motion. Under the case law as it

existed prior to 1955, such a defendant might have been held to have made a general appearance by the obtaining of an extension of time within which to plead. In any event, we are not concerned here with any extension of time *after* the motion to dismiss was made.

As for the 1955 amendment adding the word "general" before the word "appearance," so that the phrase now reads, "if general appearance has been made," this simply clarifies what had always been assumed to be the meaning of "appearance," as used in said section 581a, standing alone.

We are satisfied that respondents made a general appearance herein within three years after the commencement of the action and that it was error for the lower court to dismiss the action as to them.

Judgment reversed.

Taylor, J., concurred.

SHOEMAKER, P.J.—I concur in the judgment. My disagreement is particularly directed to the portion of the opinion which holds the stipulation dated September 23, 1958 shows an intent on the part of respondents to submit themselves to the jurisdiction of the court. In my opinion, such construction entirely ignores the language of the agreement wherein respondents preserved their right to "appear, plead or otherwise move."

In my view, the trial judge's determination that this stipulation did not constitute an appearance or waiver was correct and being a reasonable construction of the document, is to be sustained by this court.

A petition for a rehearing was denied February 17, 1965, and respondents' petition for a hearing by the Supreme Court was denied March 24, 1965.