[Civ. No. 36176. First Dist., Div. One. May 7, 1975.]

RCA CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF THE
CITY AND COUNTY OF SAN FRANCISCO, Respondent.
JOSEPH TOWNE et al., Real Parties in Interest.

**COUNSEL**

Carroll, Burdick & McDonough and Rodney L. Eshelman for Petitioner.

No appearance for Respondent.

Seymour L. Ellison and Daniel W. Levin for Real Parties in Interest.

**OPINION**

**ELKINGTON, J.**—On these proceedings in prohibition we are concerned with Code of Civil Procedure section 581a which, as relevant to the issue before us, provides:

"(a) . . . all actions heretofore or hereafter commenced shall be dismissed by the court . . . on the motion of any party interested therein . . . unless the summons on the complaint is served and return made within three years after the commencement of said action, except where . . . the party against whom the action is prosecuted has made a general ppearance in the action. . . .

"(e) A motion to dismiss pursuant to the provisions of this section shall not, nor shall any extension of time to plead after such motion . . . constitute a general appearance."

The narrow issue before us may be stated in this manner: Where summons is *served,* but not *returned,* within three years, is a written but unfiled stipulation of the parties, extending a defendant's time "within which to appear in the . . . action" to a date within the three-year period, tantamount to a "general appearance" for the purpose of section 581a?

It is said that a "general appearance is not necessarily a formal, technical step or act" (*Brown* v. *Douglas Aircraft Co.* (1958) 166 Cal.App.2d 232, 236 [333 P.2d 59]); this concept is expressly made applicable to a general appearance under section 581a (*O'Keefe* v. *Miller* (1965) 231 Cal.App.2d 920, 925-926 [42 Cal.Rptr. 343]). At least as applied to section 581a, the provisions of Code of Civil Procedure section 1014* as to what constitutes a general appearance are "doubtless too broad." (*Davenport* v. *Superior Court* (1920) 183 Cal. 506, 511 [191 P. 911].) The purpose of the latter statute is to insure that defendants who have complied with it, will receive "notice of all subsequent steps and proceedings in the action." (*Anglo-Californian Bank* v. *Griswold* (1908) 153 Cal. 692, 696 [96 P. 353].) The broader, and ordinarily applicable, rule was expressed by the court in *Chaplin* v. *Superior Court* (1927) 81 Cal.App. 367, 375 [253 P. 954], where, quoting with approval authority of a sister state, the court said: " 'A "general appearance" must be express or arise by implication from the defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff, other than one contesting the jurisdiction only.' "

The precise issue before us was early passed upon by the Supreme Court in *Roth* v. *Superior Court* (1905) 147 Cal. 604 [82 P. 246]. There, as in the case at bench, the defendant was served with summons within the three-year period of section 581a's substantially similar predecessor statute, Code of Civil Procedure section 581, subdivision 7. (See Stats. 1897, ch. 95, § 1, p. 98.) The summons was served within the three-year period, but it was never returned. There also, within the

---

*As relevant, Code of Civil Procedure section 1014 provides: "A defendant appears in an action when he answers, demurs, files a notice of motion to strike, files a notice of motion to transfer pursuant to Section 396b, gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him."

three-year period, the parties entered into an unfiled stipulation extending defendant's time to plead and, when the three years had run, defendant sought a dismissal under the statute. The trial court's denial of the motion to dismiss was affirmed by the high court, which tersely stated (p. 605): "The stipulation, signed as it was by [defendant's] attorneys in the action, was a virtual appearance, and none the less so because it was not filed." (See also *Davenport* v. *Superior Court, supra,* 183 Cal. 506, 509-511; *O'Keefe* v. *Miller, supra,* 231 Cal.App.2d 920, 924-925; *Palmer* v. *Superior Court* (1961) 192 Cal.App.2d 302, 305-307 [13 Cal.Rptr. 301]; *Rio Del Mar etc. Club* v. *Superior Court* (1948) 84 Cal.App.2d 214, 222-225 [190 P.2d 295].)

We find no authority written in the years since *Roth* v. *Superior Court, supra,* which tends in any way to impugn its authority on the issue before us. And its holding fully comports not only with the general principles we have discussed, but also with well-known considerations of equity. We find it to be dispositive of the issue presented to us.

We need not consider the contention that, in the action below, the defendant was estopped to seek dismissal of the action under section 581a, having by its conduct induced the plaintiff not to make return of summons within the statutory three-year period. (See *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 433-434, 436-442 [96 Cal.Rptr. 571, 487 P.2d 1211].)

For the reasons stated we conclude that the superior court did not abuse its discretion, or otherwise err, in denying the motion to dismiss.

The peremptory writ of prohibition is denied, and the heretofore issued alternative writ is discharged.

Molinari, P. J., and Sims, J., concurred.