[Civ. No. 48966. Second Dist., Div. Four. Mar. 29, 1977.]

JOHN WALKER OWEN, Plaintiff and Appellant, v.
NIAGARA MACHINE AND TOOL WORKS,
Defendant and Respondent.

**COUNSEL**

M. Eric Parkan for Plaintiff and Appellant.

Ives, Kirwan & Dibble, Martin J. Kirwan and Roger E. Marken for Defendant and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—On September 15, 1972, plaintiff filed a complaint in an action for personal injuries. The theory of his action was that he had been injured, in the course and scope of his employment, because a machine manufactured by the present defendant had been negligently designed by it. Plaintiff had considerable difficulty in determining the exact name and location of this defendant.[1] Ultimately, he secured service on defendant, in New York, on August 29, 1975. On September 5, 1975, counsel for defendant telephoned counsel for plaintiff, seeking (and securing) an agreement extending defendant's time "to plead" until September 30, 1975. That agreement was confirmed by a letter also dated September 5, 1975. The summons and return of service not having been filed by September 20, 1975, defendant moved for, and secured, an order dismissing the complaint as to it. Plaintiff appeals from that order; we affirm.

Subdivision (a) of section 581a[2] of the Code of Civil Procedure provides: "(a) No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

It is not contended that plaintiff is within either of the statutory exceptions to the requirement that summons and proof of service be filed within the three-year period. However, the courts have recognized nonstatutory exceptions to the requirements of section 581a. The one herein relied on is that a defendant may be estopped to raise the bar of the statute. It was contended in the trial court, and is contended here,

---

[1] The complaint named Niagara Punch & Die Corporation as one of the defendants. Because there are several tool manufacturing companies with the word "Niagara" in their corporate names, and because the machine in question was not available to plaintiff's counsel for inspection, it took until 1975 for plaintiff definitely to determine that this defendant was the manufacturer. Defendant was properly served, in its true name, shortly after that determination.

[2] Plaintiff's brief refers to subdivision (c) of section 581a. Clearly it was subdivision (a) on which the trial court relied and which controls here.

that the telephone call of September 5th, and the letter of that date, lulled plaintiff's counsel into believing that defendant would make, prior to September 30, 1975, a general appearance in the action. We agree with the trial court that neither the phone call nor the letter estopped defendant from seeking a dismissal for failure to comply with the three-year requirement of section 581a.

In *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431 [96 Cal.Rptr. 571, 487 P.2d 1211], a defective service had been made upon a defendant. Within the three-year period defendant sought and secured consent for an extension of time beyond the three-year period within which to plead. The court held that that conduct lulled the plaintiff into believing that the service was properly made and estopped defendant from relying on section 580a, since the plaintiff, warned of the defect, could have corrected it within the statutory period. In the case at bench, the service is not questioned; no correction by plaintiff was called for. He was only required to return his summons and proof of service prior to September 15th.

In *RCA Corp.* v. *Superior Court* (1975) 47 Cal.App.3d 1007 [121 Cal.Rptr. 441], the parties had executed a stipulation extending the time "to appear." The court held that that language did lull the plaintiff into a belief that a general appearance would be made. Here, the oral stipulation merely granted time to "plead," not to "appear." The difference is material. As the Supreme Court pointed out in *Busching* v. *Superior Court* (1974) 12 Cal.3d 44, at page 51 [115 Cal.Rptr. 241, 524 P.2d 369]: "A party who merely seeks an extension of time to plead cannot reasonably be deemed to make a general appearance. His purpose may be to obtain adequate time to determine whether or not to object to the jurisdiction of the court."

While *Busching* ultimately rested on the fact that any appearance in that case was ineffective because it was made after the three-year period had expired, we regard the quoted language as applicable to the case at bench. Whatever plaintiff's counsel may have thought that defendant's counsel intended ultimately to do, he had no basis, on an agreement merely to "plead" to assume that defendant desired or intended anything

more than time to determine on a course of action.[3] Plaintiff, agreement or not, had 10 days within which to protect himself against the choice of tactics ultimately selected by defendant. He cannot now complain of his own failure to take proper defensive action.

The order appealed from is affirmed.

Dunn, J., concurred.

**JEFFERSON (Bernard), J.**—I dissent.

The majority upholds the trial judge's order dismissing plaintiff's complaint for a failure of plaintiff to comply with Code of Civil Procedure section 581a, subdivision (a), in that the service of summons and the return of service were not made within the three-year period from the commencement of the action. It is the majority's view that no grounds existed for application of either a statutory or decisional-law exception to the express provisions of section 581a.

There is no dispute with respect to the facts. Plaintiff's action was commenced on September 15, 1972. The three-year period for service of the summons and filing a return of service expired on September 15, 1975. Service on defendant was made on August 29, 1975. On September 5, 1975, counsel for defendant telephoned counsel for plaintiff seeking and securing by telephone an agreement extending defendant's time "to plead" until September 30, 1975. This agreement was confirmed by letter dated the same date—September 5, 1975. On September 20, 1975, defendant filed a motion for an order dismissing the complaint in view of the fact that no *return* of service had been made as of September 15, 1975, the last day of the three-year period.

The basic contention of plaintiff is that the undisputed facts establish the defense of estoppel to preclude any successful motion by defendant for dismissal under Code of Civil Procedure section 581a. Although section 581a contains mandatory language requiring a dismissal of the

[3]We note that service had been made on defendant in New York on August 29th; the papers were mailed to Los Angeles counsel. A Saturday, a Sunday and a holiday intervened between the date of service and the telephone call. With that little time within which to determine what action to take, counsel for defendant cannot be charged with any impropriety in asking for and securing the nonspecific extension herein involved.

action for a failure to serve summons *and* make a return of service within three years from the commencement of the action, the section itself contains two statutory exceptions. One exception provided for in the statute is where the parties have filed a stipulation in writing that the time may be extended. The second exception provided for in the statute applies where a general appearance has been made by the defendant.

However, the California Supreme Court, in the interests of justice, has created decisional-law exceptions to section 581a in spite of its mandatory language. (See *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431 [96 Cal.Rptr. 571, 487 P.2d 1211].) In *Tresway,* the court referred to a prior case, *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736 [329 P.2d 489], in which the court first granted recognition for exceptions to section 581a not expressly stated in the statute. The *Tresway* court remarked in this regard: "Although *Wyoming Pacific* involved a statutory exception to section 581a—concealment to avoid service—the court addressed itself more generally to the construction of section 581a and to the existence of nonstatutory exceptions to its directive. . . . [¶] 'We are therefore of the view that notwithstanding the mandatory language of section 581a, the trial court is vested with discretion in applying the exceptions comparable to the discretion with which it is vested in applying the exceptions to section 583. As with the exercise of the court's other inherent and statutory powers to dismiss actions for want of diligence in either serving the summons or bringing the action to trial, the discretion permitted must be "exercised in accordance with the spirit of the law and with a view of subserving, rather than defeating, the ends of substantial justice." [Citation.] Each case must be decided on its own particular facts, and no fixed rule can be prescribed to guide the court in its exercise of this discretionary power under all circumstances.' [Citation.]" (*Tresway, supra,* 5 Cal.3d 431, at pp. 436-437.)

The decisional-law exception involved in the case at bench is that of the doctrine of estoppel. This was also the exception involved in *Tresway.* *Tresway* defined the doctrine in this language: "This doctrine affirms that 'a person may not lull another into a false sense of security by conduct causing the latter to forebear to do something which he otherwise would have done and then take advantage of the inaction caused by his own conduct.' [Citations.]" (*Tresway, supra,* 5 Cal.3d 431, at pp. 437-438.)

The basic justification for the court's creation of the defense of estoppel in spite of the explicit language of section 581a is to give preference to a policy of having cases tried on the merits which promotes

the ends of justice. "[R]ecognition of the doctrine of estoppel is essential if section 581a is to be applied ' "with a view of subserving, rather than defeating, the ends of substantial justice." ' [Citation.]" (*Tresway, supra,* 5 Cal.3d 431, at p. 438.)

In *Tresway,* a defective service had been made upon the defendant corporation within the three-year period from the commencement of the action. Prior to the expiration of the three-year period, defendant requested and obtained a twenty-day extension of time in which to make an appearance. After expiration of the period for making a proper service and return of service, defendant moved to dismiss the action for plaintiff's noncompliance with section 581a. In holding that the doctrine of estoppel precluded defendant from obtaining a dismissal under section 581a, the *Tresway* court stated: "We conclude that since the responsibility for plaintiff's failure to effect valid service within the period of section 581a rests upon defendant, 'the ends of substantial justice' [citation] will be best served by estopping defendant from moving to dismiss under that section. Plaintiff's action against defendant thus remains viable, and the superior court should afford plaintiff a reasonable time in which properly to serve defendant." (*Tresway, supra,* 5 Cal.3d 431, at p. 442.)

The majority in the case at bench seeks to distinguish the *Tresway* case. The majority interprets *Tresway* as being limited to the principle that the *Tresway* defendant's conduct had lulled the *Tresway* plaintiff into believing that a *proper* service had been made, and that estoppel applied, therefore, since the plaintiff could have corrected the defective service had it not been for the *Tresway* defendant's conduct. The majority distinguishes the instant case from *Tresway* by simply stating that here the service was made properly; no correction in the service was called for and that all plaintiff had to do was return his summons and proof of service prior to September 15, 1975.

The distinction which the majority seeks to make between *Tresway* and the case at bench is untenable and without substance. In reaching its result, *Tresway* used the analogy of an estoppel to preclude employment of the defense of the statute of limitations. The *Tresway* court considered that the estoppel principle presented in *Tresway* was similar to the estoppel principle applied with respect to the statute of limitations dealt with in *Carruth* v. *Fritch* (1950) 36 Cal.2d 426 [224 P.2d 702, 24 A.L.R.2d 1403].

In *Carruth,* the court stated that " '[o]ne cannot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought.' " (*Carruth, supra,* 36 Cal.2d 426, at p. 433.) In comparing the estoppel principle in *Tresway* with the estoppel principle in *Carruth,* the *Tresway* court stated that "[d]efendant's conduct in the present case lulled plaintiff into such a ' "false sense of security," ' and probably prevented plaintiff from discovering her error and effecting valid service within the statutory period." (*Tresway, supra,* 5 Cal.3d 431, at p. 442.)

The majority also seeks to distinguish the instant case from that of *RCA Corp.* v. *Superior Court* (1975) 47 Cal.App.3d 1007 [121 Cal.Rptr. 441]. In *RCA,* the summons had been served but *not returned* within the three-year period required by Code of Civil Procedure section 581a, but the parties entered into a written but unfiled stipulation which extended the defendant's time within which "to appear" in the action to a date within the three-year period. The majority opinion cites the *RCA* case as holding that the executed stipulation extending the time "to appear" had lulled the plaintiff into believing that a *general appearance* would be made. The majority distinguishes the instant case from *RCA* on the ground that the oral stipulation in the instant case granted defendant additional time *"to plead"* but *not "to appear"* as the stipulation read in *RCA.* The majority states that this difference between *pleading* and *appearing* is a material difference and relies, for this difference, upon a statement in the California Supreme Court case of *Busching* v. *Superior Court* (1974) 12 Cal.3d 44 [115 Cal.Rptr. 241, 524 P.2d 369].

In *Busching,* the court remarked that "[a] party who merely seeks an extension of time to plead cannot reasonably be deemed to make a general appearance. His purpose may be to obtain adequate time to determine whether or not to object to the jurisdiction of the court." (*Busching, supra,* 12 Cal.3d 44, at p. 51.)

But the majority misreads the *RCA* case, with the result that the alleged distinction between the case at bench and the situation presented in the *RCA* and *Busching* cases is unfounded. The *RCA* case was *not* a case involving the court-created exception to section 581a of the doctrine of estoppel, but concerned an interpretation of the statutory exception for a "general appearance" set forth in section 581a. Thus, the *RCA* court stated: "The narrow issue before us may be stated in this manner:

Where summons is *served*, but not *returned*, within three years, is a written but unfiled stipulation of the parties, extending a defendant's time 'within which to appear in the . . . action' to a date within the three-year period, tantamount to a 'general appearance' for the purpose of section 581a?" (*RCA, supra*, 47 Cal.App.3d 1007, at p. 1009.) (Italics in original.) The *RCA* court relied upon an earlier Supreme Court case, *Roth* v. *Superior Court* (1905) 147 Cal. 604 [82 P. 246].

In the *Roth* case, as in *RCA*, the defendant was served with summons within the three-year period provided by the predecessor statute to section 581a. The predecessor statute, which was substantially similar to section 581a, was Code of Civil Procedure section 581, subdivision 7. The summons in *Roth* was served within the three-year period but it was *never* returned. However, the parties in *Roth* entered into an unfiled stipulation. The stipulation in *Roth* provided: " 'It is hereby stipulated by and between the parties hereto that the above-named defendant may have to and including the twelfth (12th) day of November in which *to plead* in the above entitled action.' " (Italics added.) (*Roth, supra*, 147 Cal. 604, at p. 605.)

In *Roth*, as in *RCA*, the defendant sought a dismissal under the statute after the three-year period had expired. In holding that defendant was not entitled to a dismissal, the *Roth* court stated: "The stipulation, signed as it was by petitioner's attorneys in the action, was a *virtual appearance*, and none the less so because it was not filed." (*Roth, supra*, 147 Cal. 604, at p. 605.) (Italics added.)

It is to be noted that the stipulation in *Roth* granted defendant time "to plead" and not "to appear." Contrary to the views of the majority are the principles set forth in both *RCA* and *Roth*, which establish that there is absolutely no difference between a stipulation extending defendant's time "to plead" and a stipulation extending defendant's time "to appear." In relying upon *Roth*, the *RCA* court made this significant statement: "We find no authority written in the years since *Roth* v. *Superior Court, supra*, which tends in any way to impugn its authority on the issue before us. And its holding fully comports not only with the general principles we have discussed, but also with well-known considerations of equity. We find it to be dispositive of the issue presented to us." (*RCA, supra*, 47 Cal.App.3d 1007, at p. 1010.)

Both the *RCA* and *Roth* cases dealt with the statutory exception provided for specifically by the language contained in Code of Civil

Procedure section 581a. The exception with which we are concerned in the case at bench is *not* the *statutory* exception for a "general appearance" in an action, but one of the exceptions created by the decisional law, to wit, an exception for the *doctrine of estoppel.*

As indicated previously herein, the majority relies upon the *Busching* case for the view that an extension of time for a party "to plead" cannot be deemed to constitute either a general appearance in the action or an agreement to enter a general appearance. Although a statement to this effect does appear in *Busching,* this statement must be considered in the context in which it was made. In *Busching,* the defendant was served with process two days subsequent to the three-year limitation for service and making a return of service as required by section 581a of the Code of Civil Procedure. *Busching* held that, under the circumstances presented, an extension of time to *plead,* made after expiration of the three-year requirement of section 581a, could not constitute a general appearance to bring defendant within the *statutory* exception to preclude a dismissal under section 581a.

The *Busching* case, therefore, is similar to *RCA* and *Roth* in dealing with the question of interpreting what constitutes a general appearance for the purpose of meeting the statutory exception provided for in section 581a.

It may well be that there is a conflict between *Roth* and *Busching* with respect to whether a stipulation extending defendant's time to "plead" constitutes a general appearance in the action for the purpose of meeting the statutory exception provided for in section 581a. But even assuming that there is such a conflict, it has no bearing on the issue presented in the case at bench of whether the parties' agreement to extend defendant's time to "plead" comes within the decisional-law exception to section 581a—the doctrine of estoppel. The *RCA* case made this point quite clear by stating that "[w]e need not consider the contention that, in the action below, the defendant was estopped to seek dismissal of the action under section 581a, having by its conduct induced the plaintiff not to make return of summons within the statutory three-year period. [Citation.]" (*RCA, supra,* 47 Cal.App.3d 1007, at p. 1010.) The estoppel doctrine was not considered in *RCA* since the three-year period for effecting service of process and a return of service under section 581a was declared to be inapplicable because of proof that the "general appearance" statutory exception set forth in section 581a was applicable to preclude a dismissal of plaintiff's action.

Nor is there any logical way that *Busching* can be interpreted as precluding an agreement or stipulation between the parties for an extension of time to defendant to "plead" from being held to create an estoppel against a defendant in seeking a dismissal of plaintiff's action under section 581a. Although holding that a plaintiff's consent to a defendant's request for an extension of time "in which to answer or otherwise plead" could not be considered a general appearance to avoid application of the mandatory dismissal provisions of section 581a. The *Busching* court was very explicit in stating that this holding had reference to the statutory exception set forth in section 581a and *not* to the exceptions which have been created by the decisional law.

The *Busching* court, however, did consider the question of whether plaintiff's agreement to an extension of time to defendant to "plead" brought plaintiff within the court-made estoppel exception to section 581a. The court concluded that the doctrine of estoppel did *not* apply because plaintiff's action in consenting to an extension of time for defendant to "plead" came too late. It came *after* the three-year statutory period for making service and a return of service had expired. Thus, the *Busching* court stated that "[p]laintiff's only claim is that of estoppel. He does not make a showing of any acts or failure to act by these defendants *during the statutory period* which lulled him into a false sense of security or which caused him to forbear to do something which he would otherwise have done. The statutory time *had elapsed* before he effected any service upon an officer of defendant company." (*Busching, supra,* 12 Cal.3d 44, at p. 53.) (Italics added.)

The situation presented in the case at bench is altogether different from that presented in *Busching.* In the case at bench, as in *Tresway,* the agreement permitting defendant additional time to plead was entered into *prior* to the expiration of the three-year period for return of service of process. Just as such an extension of time in *Tresway* led the plaintiff there to forego taking steps to correct a defective service of process, in the case at bench the plaintiff's consent to an extension of time to defendant to plead, made *prior* to the expiration of the three-year mandatory time for making a return of service, lulled plaintiff into a sense of security and caused plaintiff to forebear to make a return of service which he otherwise would have made before the three-year statutory time had elapsed.

In my opinion the estoppel doctrine that was found applicable in *Tresway* is clearly established in the case at bench. By requesting an

extension of time to plead, defendant's conduct in the present case lulled plaintiff into the same type of a "false sense of security" that plaintiff was led into in *Tresway.* In *Tresway,* defendant's conduct "probably prevented plaintiff from discovering her error and effecting valid service within the statutory period." (*Tresway, supra,* 5 Cal.3d 431, at p. 442.) Similarly, in the case at bench, defendant's conduct lulled plaintiff into a false sense of security and "probably prevented plaintiff from" complying with section 581a of the Code of Civil Procedure and making the return of service within three years after the commencement of the instant action.

I would reverse the order from which the appeal is taken.

Appellant's petition for a hearing by the Supreme Court was denied May 26, 1977. Bird, C. J., and Mosk, J., were of the opinion that the petition should be granted.